STATE of Missouri, Respondent,

v.

Bob Allen RYAN, Appellant.

No. 44555.

Supreme Court of Missouri.

Division No. 1.

Feb. 14, 1955.

Green & Green, West Plains, for appellant.

John M. Dalton, Atty. Gen., Richard R. Nacy, Jr., Sp. Asst. Atty. Gen., for respondent.

VAN OSDOL, Commissioner.

Defendant was charged by information, and convicted of the crime of feloniously driving a motor vehicle while in an intoxicated condition. Sections 564.440, 564.460 RSMo 1949, V.A.M.S. His punishment was assessed by a jury at a fine of $10, and he has appealed from the judgment pronounced and entered.

■ Defendant-appellant has filed no brief in this court, and we shall look to his motion for a new trial for assignments of error. In his motion for a new trial, defendant assigned errors of the trial court in the admission of evidence; and in submitting the State's case to the jury and refusing to sustain defendant's motion for a judgment of acquittal.

The State introduced evidence tending to show that at about 10:30 o'clock in the evening of January 4, 1954, defendant came to the police station in West Plains and told a police officer, Wilson, that he, defendant, had had an accident. Defendant said he had overturned a truck on a county road. The officer, Wilson, testified that defendant wanted the witness to call the sheriff and ask him to investigate the accident. The witness testified that defendant "was staggery and speech was slurred to some extent and his eyes were blood shot and didn't seem to focus too well. He was very erratic in his emotions." The officer "contacted" Sergeant Brill of the State Highway Patrol who took defendant to the courthouse, and a deputy sheriff, Brower, was then called. The three officers all testified that defendant was intoxicated.

Defendant had overturned the truck on a county road some distance off Highway No. 160 about three miles from West Plains in Howell County. The witness testified that defendant said he had drunk six cans of beer at Wheat's and was on the way home from Wheat's when he overturned the truck. "He (defendant) said

when the car turned over it pinned his arm under the car and I asked him how he got it out and he said he got out and lifted it off his arm." Defendant further said that he went to a nearby tavern and "got a fellow to bring him in (to West Plains)"; and that he didn't drink in the tavern. He drank the beer at Wheat's "west of where this was." "He said he came from where he turned the truck over and caught somebody on the outside (of the tavern) and had them bring him in town." Defendant complained of injury to his left arm, but he didn't want a doctor. He was later taken to a doctor for examination. Defendant's "discharge papers" were in the glove compartment of the truck. Defendant told the officers the papers were there and asked the officers to get them for him.

At the place where the truck was overturned, the road was surfaced with gravel. The roadway was dry. The truck was lying on its left side "cross ways in the road and had the road completely blocked."

Over defendant's objection, a witness for the State, Sergeant Brill, was permitted to testify there were marks by which you "could see where the truck skidded around"; that "dirt had been plowed up by the bumper of the truck"; that the "truck hit the bank"; and that the "bank at this particular place had been plowed up and there was dirt on the bumper of the truck and skid marks from the rear to the place the truck was lying and it was lying cross ways in the road."

In his motion for a new trial defendant particularized the ground for his assignment of error in admitting this testimony into evidence by stating that the testimony amounted to "a mere conclusion of the witness and invaded the province of the jury." Defendant further particularized that the witness, Sergeant Brill, was not qualified as an expert, and that his testimony was highly prejudicial to the rights of the defendant in that the testimony tended to establish that the truck was being operated in a reckless manner at the time it was overturned.

■■ It would seem that the manner of defendant's management of the truck—carefully or carelessly—would be relevant to the issue of whether he was intoxicated. And, there is a recognized difference between an objectionable opinion or conclusion of a witness on a material fact not the subject of proof by opinion evidence, and those answers of a witness concerning things difficult of description in which answers the witness uses language conveying his "matter of fact", "cause and effect" comprehension of things he has seen which were like those he had often theretofore personally observed in the ordinary experience of everyday life. Brawley v. Esterly, Mo.Sup., 267 S.W.2d 655; Annotation, 23 A.L.R.2d 112; Vol. VII, Wigmore on Evidence, 3d Ed., § 1924, pp. 22–23.

■■ In this case Sergeant Brill was not being questioned as an expert. But he did, in a way, convey his conclusions as to how the truck moved about and came to rest crossways of the highway. Had the issue in this case involved the precise manner in which or place where the truck skidded and overturned, then a question of the prejudicial effect of those parts of the witness' testimony conveying his conclusions of the precise way the truck moved and how and where the upset occurred might be a more serious one. In any event, we think defendant in the instant case was not prejudiced by the witness' alleged conclusions. This is because it appears to us that the witness' conclusions, as to the precise manner of the truck's overturn, added little, if any, to the witness' clearly admissible testimony as to what he actually observed.

Turning now to defendant's assignment of error in submitting the State's case to the jury and refusing to sustain defendant's motion for a judgment of acquittal, we have seen in his motion for a new trial that defendant is of the view the State's case was based on circumstantial evidence. He has stated in his motion that in order for a conviction to be sustained on circumstantial evidence "it is necessary that the facts and circumstances in evidence should be consistent with each other and with the guilt of the defendant and inconsistent with any reasonable theory of his innocence." In this connection we understand defendant does not in his motion for a new trial urge that the evidence was insufficient in tending to show he was intoxicated when he reported to the police station in West Plains; but he apparently urges there was no factual foundation for a reasonable inference that he was intoxicated while driving before or at the time the truck was overturned. He asserts there was "no evidence to establish directly or indirectly that the defendant did not become intoxicated until after such truck had turned over."

■ Examining the statements which the witnesses said were made by defendant at the police station and at the courthouse in West Plains, we note there was testimony that defendant had said he had drunk beer at Wheat's and was driving the truck on the way home from Wheat's when the truck overturned. The testimony of defendant's own statements was substantial support for the inference that he did not drink intoxicating liquor at the tavern or at any time during his journey from the place where the truck overturned to West Plains. There was substantial evidence that defendant was intoxicated when he arrived at West Plains. So his statement that he had drunk beer at Wheat's was sufficient to show that his intoxicated condition, if so, was due to the beer he had drunk at Wheat's prior to the accident. Now the testimony of defendant's statement that he drank beer at Wheat's; the evidence that, later, he was driving the truck in such a way that it was overturned; and the testimony that he was intoxicated when he arrived at West Plains were, in our opinion, sufficient and substantial circumstantial bases for the conclusion that defendant was intoxicated when driving the truck before or at the time it overturned. See now and compare State v. Davis, Mo.Sup., 143 S.W.2d 244. We hold that the trial court did not err in submitting the State's case to the jury or in refusing to sustain defendant's motion for a judgment of acquittal.

The information followed the statute, Section 564.440, supra. The information was sufficient in form and substance. The verdict, finding defendant "guilty as charged", was tantamount to finding him "guilty as charged in the information", which information was in one count only. The verdict was sufficiently responsive to the issues. State v. Hall, Mo.Sup., 7 S.W.2d 1001; State v. Minter, Mo.Sup., 84 S.W.2d 617. Allocution was afforded and judgment duly rendered and pronounced.

The judgment should be affirmed.

It is so ordered.

LOZIER and COIL, CC., concur.

PER CURIAM.

The foregoing opinion by VAN OSDOL, C., is adopted as the opinion of the court.

All of the Judges concur.