**STATE of Missouri, Respondent,**

**v.**

**Fred Warren DAVIS, Appellant.**

**No. 49937.**

Supreme Court of Missouri,

Division No. 1.

Oct. 14, 1963.

H. F. Owen, Jr., Springfield, for appellant.

Thomas F. Eagleton, Atty. Gen., Jefferson City, Charles C. Hatley, Sp. Asst. Atty. Gen., New Madrid, for respondent.

COIL, Commissioner.

A jury convicted Fred W. Davis of feloniously driving an automobile on a public highway in Taney County while in an intoxicated condition and fixed his punishment at two years in the state penitentiary. See Sections 564.440 and 564.460 RSMo 1959 and V.A.M.S. Davis appealed from the ensuing judgment but has filed no brief. We shall, therefore, examine the three assignments contained in his motion for new trial.

Inasmuch as defendant does not contend that the state failed to make a submissible case, suffice it to say that there was substantial evidence from which the jury reasonably could have found that on February 9, 1962, Davis, while in an intoxicated condition, drove his automobile upon a public highway as charged.

■ Appellant's new trial assignment 1 is that the trial court erred in permitting prospective juror Walker to remain on the panel after stating on voir dire "that his religious beliefs were such that he could not and would not believe in the truthfulness and veracity of any person who consumed alcoholic beverages in any amount" and, after defendant's counsel had requested that Walker be excused, thus "restricting defendant in his choice of jurors" by causing defendant to use one of his peremptory challenges to remove Walker from the jury.

There is no merit in appellant's contention for these reasons. The record does not show that Walker was peremptorily challenged by defendant and defendant's statement in his motion for new trial does not prove itself. Furthermore, the record does not support the allegation quoted above. A summary of the voir dire examination in question shows that Walker answered that he belonged to a church whose members did not believe in drinking and whose principles declared it a sin to drink intoxicants; that he personally did not approve of drinking; that he would prefer one of a "sober mind"; and that he believed he might "sub-consciously * * * lean toward believing the testimony of a non-drinker rather than * * * a drinker." The juror also said, however, that the fact that defendant and others were drinking or drunk would not color his "decision" in any way; that the fact that certain witnesses drink would not affect his consideration of their evidence and "in a courtroom" he would not give any more credit to a witness who is a drinker than to a nondrinker; and, finally, that even though the evidence showed defendant was a drinker, unless the state proved to his "satisfaction" that defendant was driving, he would find defendant not guilty.

The defendant did not seek to show that he was not intoxicated on the occasion in question; his contention apparently was that he was not driving. Be that as it may, the foregoing summary of the pertinent portion of the record demonstrates not only that the assignment made in the motion for new trial is not supported by the record, but also shows, considering Walker's statements as a whole, that the trial court did not abuse the wide discretion it has to determine Walker's qualifications as a juror and thus did not err in refusing defendant's challenge for cause. See State v. Camper, Mo., 353 S.W.2d 676, 678 [2–4].

■ Appellant's new trial assignment 2 is: " * * * the Court erred in permitting witness Carl Day to testify as to his opinion as to driver of the automobile over the objection of defendant; that such evidence was not admissible and was highly prejudicial to defendant."

The foregoing averment is too general to have preserved any matter for appellate review in that no reasons for the claimed inadmissibility of the testimony are stated, nor are any reasons stated indicating how and wherein such testimony was prejudicial. State v. Lord, Mo., 286 S.W.2d 737, 740 [6–10]; State v. Kimbrough, 350 Mo. 609, 166 S.W.2d 1077, 1079 [1–3]; State v. Whitaker, Mo., 312 S.W.2d 34, 38 [6–8]; State v. Cox, Mo., 333 S.W.2d 25, 29 [1, 2] [3, 4].

■ In any event, a reference to Carl Day's testimony shows that he was an eyewitness to the accident giving rise to the present charge and on direct examination testified that he saw defendant's automobile turn over, immediately went to it and found defendant and another in the front seat and another in the back seat; defendant's feet and legs were under the steering wheel with his head and shoulders "more to the passenger side." On cross-examination he said he could not tell who was driving the defendant's automobile before it stopped. Defendant's counsel then asked, "Do you have an opinion as to who was driving the automobile after it was turned over?" The witness answered that he did. Whereupon counsel inquired as to how many accidents he had seen immediately after a car had turned over where there was more than one person in the car. The witness answered three or four. The witness conceded that it would be possible for the persons in defendant's car to have been thrown into changed positions by reason of the car's turning over, and conceded that he did not "know" who was driving. On redirect, the state's attorney asked for the opinion the witness had said he had, based on his observations at the scene. The trial court overruled defendant's objection with the remark that defendant's counsel had attempted to qualify the witness as an expert. The witness then answered, "From the position they were in, I would say Mr. Davis was driving."

■ While ordinarily opinion testimony is not received where, as here, "the trier of facts is as capable as the witness of drawing conclusions from the facts proved," under the circumstances above set forth wherein defendant voluntarily opened the subject of the witness's opinion and having inquired into the witness's qualifications to form such an opinion, and where, as here, it appears that the witness's opinion added little to his other testimony, defendant may not successfully complain that the state elicited the opinion.

■ Appellant's final assignment is that the information failed "to state a charge against the defendant under the law for which he might be convicted."

The information was: "J. C. Crouch, Prosecuting Attorney within and for the County of Taney, in the State of Missouri, informs the Court that Fred Warren Davis on the 9th day of February, 1962, at the said County of Taney, did then and there unlawfully, wilfully and feloniously drive and operate a certain motor vehicle, to wit: a 1953 Chevrolet sedan, over, upon and along the public roads and highways of Taney County, Missouri, to-wit: Highway No. 160, east of Kirbyville, Missouri, while in an intoxicated condition, against the peace and dignity of the State."

The information followed the statute, Section 564.440, supra, and was sufficient in form and substance. State v. Ryan, Mo., 275 S.W.2d 350, 352 [7].

We have examined those record matters which we are required to review and find no error in connection with them.

The judgment is affirmed.

HOUSER and WELBORN, CC., concur.

PER CURIAM.

The foregoing opinion by COIL, C., is adopted as the opinion of the court.

All concur.