STATE of Missouri, Plaintiff-Respondent,

v.

Everett L. TUCKER, Defendant-Appellant.

No. 8694.

Springfield Court of Appeals.

Missouri.

April 9, 1968.

the county jail for a term of thirty days. After unsuccessfully moving for a new trial, he appealed.

■ Employed counsel represented defendant throughout the course of the proceedings in the circuit court and conducted a spirited defense before the jury. The same attorney signed the notice of appeal on behalf of his client and subsequently approved (with one change) the transcript on appeal as prepared by the court reporter. The docket fee on appeal was paid, and the reporter's fee certificate shows the cost of the transcript "paid by defendant." There has been neither showing nor suggestion of indigency [cf. State v. Holbert, Mo., 423 S.W.2d 681], and the same employed counsel still represents defendant, no request for leave to withdraw having been presented. However, the case has been submitted here with no brief having been filed on behalf of either party. In these circumstances, the scope of our review is limited to consideration of "the sufficiency of the information or indictment, verdict, judgment and sentence," under the Supreme Court Rules of Criminal Procedure which provide, inter alia, that: "Except for the foregoing, the court will consider no allegations of error asserted in the motion for new trial which are not briefed in the appellate court. Allegations of error not briefed on appeal, whether a brief is filed by appellant or not, will be deemed waived or abandoned." V.A.M.R. Rule 28.02, as amended Jan. 9, 1967, effective Sept. 1, 1967. See State v. Allison, Mo.App., 424 S.W.2d 754.

Robert B. Baker, Ellington, for defendant-appellant.

William H. Bruce, Jr., Prosecuting Atty., Centerville, for plaintiff-respondent.

STONE, Judge.

By amended information filed in the Circuit Court of Reynolds County on March 25, 1965, defendant Everett L. Tucker was charged with operating a motor vehicle while intoxicated, a misdemeanor where, as here, two prior convictions for the same offense were not charged. V.A.M.S. § 564.440, as amended Laws 1963, p. 686. Upon trial, the jury found him guilty and fixed his punishment at imprisonment in

■ The "essentials" of this offense charged under V.A.M.S. § 564.440, as amended Laws 1963, p. 686, are "(1) the operating of a motor vehicle, and (2) while in an intoxicated condition." See State v. Hicks, Mo., 376 S.W.2d 160, 162, dealing with an information filed prior to the 1963 amendment, when all offenses under the cited statute were felonies. V.A.M.S. § 564.460, prior to amendment Laws 1963, p. 687. Both of those elements were alleged specifically in the amended information

here under review, and it clearly was sufficient in form and substance. Compare State v. Davis, Mo., 371 S.W.2d 270, 272(5); State v. Richardson, Mo., 343 S.W.2d 51, 55(8); State v. Ryan, Mo., 275 S.W.2d 350, 353(7)—all likewise involving informations prior to the 1963 amendment. The verdict was responsive to the amended information and regular in every respect, the punishment fixed by the jury was within the statutory limits, allocution was afforded, and the judgment and sentence were in proper form and substance. A review of the transcript, ex gratia, discloses an abundance of evidence to support the verdict.

The judgment is affirmed.

HOGAN, P. J., and TITUS, J., concur.