**STATE of Missouri, Plaintiff-Respondent,**

v.

**Frank Louis CORSIGLIA, Defendant-Appellant.**

**No. 33207.**

St. Louis Court of Appeals.

Missouri.

Nov. 22, 1968.

Motion for Rehearing or to Transfer to Supreme Court Denied Dec. 18, 1968.

Benson Cytron, House Springs, for defendant appellant.

Michael M. Mihm, Asst. Pros. Atty., Clayton, for plaintiff respondent.

CLEMENS, Commissioner.

On this appeal we hold that the trial court erred in admitting evidence of a "Breathalyzer" test showing the percentage of alcohol in the defendant's blood.

The defendant was convicted of driving while intoxicated and fined $100. He appeals, challenging the admission of evidence of the result of a Breathalyzer test. Defendant contends the test revealed only a percentage of alcohol in blood computed

*by volume* and failed to show a percentage of alcohol in blood computed *by weight* as required by § 564.442, V.A.M.S.

That section declares that when a person is charged with driving a motor vehicle while intoxicated, evidence may be introduced to show the amount of alcohol in his blood as indicated by chemical analysis of his breath. It states:

"(3) If there was fifteen-hundredths of one per cent or more by weight of alcohol in the person's blood, this shall be prima facie evidence that the person was intoxicated at the time the specimen was taken.

"(4) Per cent by weight of alcohol in the blood shall be based upon milligrams of alcohol per one hundred milligrams of blood."

Over the defendant's objection at trial the State introduced the results of a Breathalyzer test. The evidence: Sgt. William R. Montz of the State Highway Patrol was licensed by the Division of Health, Department of Public Health and Welfare, to operate a breath analyzer device approved by the Division; the Breathalyzer was so approved; the defendant voluntarily submitted to a test, performed by approved methods; the test showed the defendant's blood contained seventeen-hundredths of one percent of alcohol.

At the close of evidence the trial court gave Instruction No. 3 declaring that evidence of chemical analysis of breath was admissible to show the amount of alcohol in a person's blood; and if that amount was as much as fifteen-hundredths of one percent *by weight,* that fact was prima facie evidence that the defendant was intoxicated.

The State now contends the Breathalyzer test complied with both the statutory requirements and the Division of Health's rules prescribed thereunder. The Division's authority is granted by § 564.441(2), V.A.M.S.: "Chemical analysis of the person's breath, to be considered valid * * *

shall be performed according to methods approved by the state division of health * * * [which] is authorized to approve satisfactory techniques or methods * * *."

As a foundation for its evidence of the Breathalyzer test, the State introduced the Division of Health's "Rules and Regulations for the Determination of the Alcoholic Content of Blood from a Sample of Expired (alveolar) Air." We note the pertinent parts:

(1) "Blood Alcohol" is defined: "The alcoholic content of blood as measured by the percent by weight of alcohol based upon milligrams of alcohol per one hundred milliliters of blood."

(2) "Breath Analyzer" is defined: "A device, approved by the Division, which is capable of measuring the alcohol in the expired (alveolar) air and from which the alcoholic content of the blood can be calculated in milligrams per 100 milliliters of blood."

(3) The Breathalyzer is an approved device.

From this we infer that the Breathalyzer test performed by Sgt. Montz reflected the percentage of alcohol in the defendant's blood according to the quoted definitions in the Division of Health's rules.

Those rules were prescribed pursuant to the statutory authority of § 564.441(2), V.A.M.S., but we hold that the tests prescribed by the rules and performed here by the State Highway Patrol do not conform to § 564.442, V.A.M.S., making evidence of chemical analysis of breath admissible. This, because the statute calls for a chemical analysis of breath computed on the percentage of alcohol by weight, whereas the rules prescribe a test computed on the percentage of alcohol by volume.

Note the contrast between the statute and the rules: Paragraph (3) of § 564.442 conditions admissibility of chemical analysis evidence on "fifteen-hundredths of one per

cent or more *by weight* of alcohol in the person's blood." Similarly, paragraph (4) declares that percentage "shall be based upon *milligrams* of alcohol per one hundred *milligrams* of blood." In contrast, the Division of Health's rules declare that blood alcohol percentage is based upon "milligrams of alcohol per one hundred milli*liters* of blood." And those rules further declare that a breath analyzer must be capable of measuring alcoholic content of blood in milligrams of alcohol per milli*liters* of blood.

We judicially know that a gram is a unit of weight, a liter is a measure of volume. The statute declares that the percentage of alcohol shall be determined by milligrams, i. e., by weight; the rules say, however, that percentage shall be determined by milliliters, i. e., by volume. There was no evidence to show—and we do not judicially know—that a percentage of alcohol in blood measured by volume is the same as a percentage of alcohol in blood measured by weight. Enough that the foundation for Sgt. Montz's evidence did not show compliance with the statutory requirement of percentage of alcohol by weight. Sgt. Montz, with extensive training and experience in operating the Breathalyzer, confirmed this. He testified: "Q. Is it your testimony that the reading on this machine is a percentage? A. Yes; 17 hundredths of one percent. Q. Is that a percent by weight or percent by volume? A. Percent by volume."

We find two prejudicial errors: admitting testimony about the result of the Breathalyzer test and giving Instruction No. 3 hypothesizing the unproven element of percentage of alcohol by weight.

The judgment is reversed and the cause remanded.

PER CURIAM:

The foregoing opinion of CLEMENS, C., is adopted as the opinion of this court. Accordingly, the judgment is reversed and the cause is remanded.

ANDERSON, P. J., and RUDDY and WOLFE, JJ., concur.