**STATE of Missouri, Respondent,**

v.

**Roy J. THORNTON, Appellant.**

No. 33276.

St. Louis Court of Appeals.

Missouri.

May 20, 1969.

Robert B. Baker, Ellington, for appellant.

Dennis C. Brewer, Pros. Atty., Perryville, for respondent.

LYON ANDERSON, Special Commissioner.

Defendant Roy J. Thornton was charged with a violation of Section 564.440,

V.A.M.S., in that on May 9, 1967, he drove a 1955 Chevrolet truck over and upon the streets of Perryville, Missouri, while in an intoxicated condition. He was tried on said charge before a jury in the Circuit Court of Perry County. The trial resulted in a verdict of guilty, and a fine of $100.00. Defendant has appealed.

Shortly before 4:20 p. m. on May 9, 1967 there was a collision between defendant's truck and an automobile being driven by Stanley Laws, a Perryville police officer. The scene of the accident was near a stop sign at the intersection of Grand and Poplar Streets in the City of Perryville. Just prior to the collision defendant was driving his truck toward the intersection. Mr. Laws was also operating his automobile toward the intersection but to the rear of the truck. Defendant brought his truck to a stop at the stop sign. He then shifted gears to what he thought at the time was second gear. Instead he had shifted into reverse, with the result that the truck started to move backward. Thereafter there was a collision between the two vehicles. Whether the truck backed into the car or whether the automobile ran into the rear of the truck was a disputed issue of fact. Ray Pourney, a police officer, who was a close friend of officer Laws, arrived at the scene at about 4:25 p. m. He testified that defendant told him his truck went backward and struck the car. He stated that Laws made a like statement. Thornton testified that when his truck started to move backward he stopped it by applying the brake, and thereafter the automobile ran forward into the truck. Officer Pourney testified that the bumpers of the two vehicles were hooked together, the car bumper being under the truck bumper with the trailer hitch of the truck over it. He stated that a jack was used to raise the truck so that the two vehicles could be separated. He further testified that the bumper of the car was bent and its right headlight knocked out. It took approximately one-half hour to separate the two vehicles and for Pourney to make out an accident report.

Pourney testified that defendant was talkative at the scene of the accident; that his shirttail was out—not completely out but ruffled; that defendant staggered a couple of times as he walked around as the vehicles were being separated; that there was an odor about defendant's breath which he (Pourney) took to be alcohol; that he thought a breathalyzer test was necessary to determine whether or not defendant was intoxicated; and that he felt he had evidence that defendant was intoxicated.

On cross-examination Pourney gave the following testimony:

"Q. Now, as I understand your testimony you thought that this test was necessary to determine whether Mr. Thornton was or was not intoxicated, is that true?

"A. Right.

\* \* \* \* \* \*

"Q. What did you tell him? A. I told him depending on the test he would get a ticket either for driving intoxicated or careless and reckless driving.

\* \* \* \* \* \*

"Q. At the particular time that you took him down to the jail did you have him under arrest? A. Yeah. Q. And what did you have him under arrest for? A. For either one of the two charges which, if the test would of showed he wasn't intoxicated that the arrest would of been for careless and reckless driving.

\* \* \* \* \* \*

"Q. But you did not arrest him for that at the scene? A. Not the DWI at the scene, only after the test.

"Q. You arrested him at the scene for careless and reckless driving, is that correct? A. Well, yes, I would guess you would say that because I told him it would be one or the other charge. \* \* \* I was only there after the accident occurred.

Q. And it is your position that you may arrest a person for something that you did not see without a warrant? A. With the evidence at the scene, the condition that Mr. Thornton was in, yes. * * * At the scene it'd of been either one of the two; if the test showed he wasn't intoxicated the charge would of been careless and reckless driving. I told him that at the scene. * * * Q. Did I understand you to express an opinion a minute ago that you felt that Mr. Thornton was intoxicated? A. Yes. Q. * * * Have you testified that it was your opinion that Mr. Thornton was intoxicated based upon your observation at the scene? A. Yeah. Q. * * * Upon what facts did you base that opinion? A. I could smell liquor strong on his breath. He did stagger around at the scene there a little bit. And, well, he looked like a fella who had too much to drink. * * * Q. Now then, did you form that opinion at the scene or did you form that later at the jail? A. At the scene. Q. And you felt he was intoxicated at the scene? A. Yes, sir.

*　　*　　*　　*　　*　　*

"Q. Can you tell me why you didn't give him a ticket for driving while intoxicated at the scene? A. I wanted to run the test on the machine to be sure. Q. You mean you weren't sure of your opinion at the scene? A. No, I wasn't sure of the—how much alcohol he had in him. Q. Well do you mean you weren't sure that your opinion wasn't correct at the time that he was intoxicated when you saw him? A. Not until after they run the test. A. Then you didn't have an opinion that he was intoxicated at the time—* * * that you were sure of? A. Not that I was sure of. Q. When did you give him this ticket for driving while intoxicated? A. Down at the jail after we completed the test."

Pourney, with defendant in custody, arrived at the jail about 5:00 p. m. Trooper Thomas Burger of the Missouri Highway Patrol was then contacted and requested to give defendant a breathalyzer test to determine whether defendant was intoxicated. Trooper Burger arrived at the jail about 6 p. m., and gave the test. The reading on the machine at the conclusion of the test was point two zero which, according to the state's testimony, indicated that defendant's blood contained twenty-hundredths of one percent of alcohol. Trooper Burger testified that a person with such reading is definitely intoxicated.

Pourney testified that he examined the truck at the jail, and found a pint of whiskey under the seat; that the bottle was not full; that Thornton claimed he did not know the whiskey was there; that in the bed of the truck there were two sixpacks of Budweiser beer; that he did not keep the whiskey to use as evidence but put it back in the truck; that he did not keep the beer for evidence, and did not know where it was; that Thornton said he had been drinking up at the square but he could not remember if Thornton told him the amount; and, that he did not ask Thornton the length of time he (defendant) had been up at the square. He further testified that Thornton did not object to the test after it was explained to him. He further stated that he told Thornton that he (Thornton) did not have to take the test if he did not want to; that he had a right to remain silent and had a right to an attorney.

Thornton took the stand and testified on his own behalf. He lived at Freemont, Missouri, where he was in the lumber business with Mr. Bernie Dluna. He came to Perryville on May 8, 1967 to build a loft in a garage for Mrs. Naomi Penrod. He didn't finish the job that day and stayed at a motel, intending to finish it the next day. He arose at 6:00 a. m. on May 9th and had breakfast at Frieda's Cafe at 7

o'clock that morning. At that time he had a drink of whiskey. He stated he had no drink the night before. He started to work on the garage about 8:00 a. m. About 3:00 or 3:30 p. m. that afternoon he went to the public square where he drank two beers at a tavern across from the courthouse, and purchased a sixpack of beer. He drank no whiskey. He intended to finish his job for Mrs. Penrod that evening but was unable to on account of his arrest. He testified he was not intoxicated at the time of the accident.

Defendant further testified that the first thing Laws said to him after the accident was, "Have you got any insurance on that?", and that when he told Laws that he did have insurance, Laws said, "You better have."

Pourney testified he had known Laws for 15 years and worked with him on the police force for 8 years. He denied that he was assisting Mr. Laws in a law suit over this matter. Mr. Laws was not present at the trial. At that time he was no longer a policeman, but was operating a restaurant in Mexico, Missouri.

Defendant's first contention is that the judgment of conviction should be reversed for the reason that the information fails to state an offense under Section 564.440, V.A.M.S. because there is no allegation therein that a 1955 pickup truck is a motor vehicle within the meaning of said section of the statutes.

Section 564.440, supra, provides that no person shall operate a motor vehicle while in an intoxicated condition. The first violation is declared to be a misdemeanor punishable by a fine of not less than one hundred dollars or by imprisonment in the county jail for a term of six months, or by both such fine and imprisonment. Defendant was charged with a misdemeanor in an information filed by the prosecuting attorney of Perry County which alleged that on the 9th day of May, 1967, the defendant did drive and operate a 1955 Chevrolet pickup over and upon the streets of Perryville while in an intoxicated condition. The case was submitted on theory of a first offense and, as heretofore stated, the jury found defendant guilty and assessed a fine of one hundred dollars.

Rule 24.01 of the Rules of Criminal Procedure, V.A.M.R., provides that an indictment or information shall be a plain, concise and definite written statement of the essential facts constituting the offense charged. In the instant case the complaint charged with such certainty as to leave no doubt as to the time, place and nature of the offense. As to the nature of the offense it was alleged that "defendant did then and there willfully, and unlawfully drive and operate a 1955 Chevrolet pickup * * * while in an intoxicated condition * * *." We are of the opinion that the complaint was sufficient as to the nature of the charge even though the word "pickup" was used instead of the words "motor vehicle". It is common knowledge that a pickup truck is a motor vehicle. In our opinion the information did state an offense under Section 564.440, supra.

Defendant next contends that the court erred in overruling his motion for judgment for acquittal at the close of all the evidence. In support of this contention it is urged that aside from the breathalyzer test the only evidence that defendant was intoxicated was the opinion of officer Pourney which rested on pure conjecture and guesswork.

In ruling on whether a case was made for the jury we will eliminate from consideration the results of the breathalyzer test and any opinion based thereon. State v. Corsiglia, Mo.App., 435 S.W.2d 430. And although there was no objection to introduction of said evidence we are authorized to disregard it under Criminal Rule 27.20(c), and do so because we believe that manifest injustice has resulted in permitting the jury to consider same.

Although we dismiss from consideration the opinion of officer Pourney, based upon the result of the breathalyzer

test, we are not prepared to say there was no other evidence sufficient to support a finding that defendant was intoxicated at and prior to the time of the collision. The manner of defendant's management of the truck at the stop sign was relevant to the issue of whether he was intoxicated. Also his statement that he drank beer at a tavern shortly before the collision. Likewise the presence of a partly consumed bottle of whiskey found in the truck by officer Pourney. All these facts are circumstances tending to show defendant had been drinking prior to the accident. In addition to the above there was the testimony of officer Pourney that at the scene of the accident defendant was talkative; that his shirttail was out; that defendant staggered a couple of times as he walked around while the vehicles were being separated; that defendant had the odor of alcohol on his breath and looked like a person who had too much to drink. In addition there was the testimony of Pourney, although it was equivocal, that in his opinion defendant was intoxicated at the scene of the accident. A case where somewhat similar testimony was held sufficent to submit the state's case to the jury is State v. Ryan, Mo., 275 S.W.2d 350. As to the admissibility of the foregoing evidence on the issue here presented see State v. Hatcher, 303 Mo. 13, 259 S.W. 467.

At the request of the State the court gave instruction no. 2, which is a follows:

"If you find and believe from the evidence that there was fifteen-hundredths of one percent or more by weight of alcohol in the person's blood, this shall be prima facie evidence that the person was intoxicated at the time the specimen was taken."

There is no testimony in the record of the percent of alcohol in the blood by weight. The reading of the breathalyzer showed only the percentage of alcohol in the blood by volume. The instruction was clearly erroneous for hypothesizing a fact of which there was no evidence. State v.

Corsiglia, Mo.App., 435 S.W.2d 430. And, although no objection to the instruction was preserved, we deem the giving of it was a plain error which we are authorized to notice under Rule 27.20(c). We are of the opinion that manifest injustice to defendant has resulted from the instruction, and for that reason the judgment of conviction should be reversed and the cause remanded for new trial. It is so ordered.

PER CURIAM:

The foregoing opinion by LYON ANDERSON, Special Commissioner, is adopted as the opinion of this Court. Accordingly, the judgment of conviction is reversed and the cause remanded for new trial.

WOLFE, Acting P. J., BRADY, J., and JAMES H. KEET, Jr., Special Judge, concur.