**STATE of Missouri, Respondent,**

v.

**Roy B. CARWILE, Appellant.**

No. 8828.

Springfield Court of Appeals.

Missouri.

May 22, 1969.

Jay White, Rolla, for appellant.

No appearance for respondent.

HOGAN, Presiding Judge.

Upon a jury trial, the defendant was found guilty of the offense of driving while intoxicated, and his punishment was assessed at a fine of $100. He appeals. No prior convictions for the same offense were alleged or proved. The defendant has, therefore, been found guilty of a misdemeanor, and we have jurisdiction of the appeal. Section 564.440;[1] State v. Tucker, Mo.App., 427 S.W.2d 784, 785.

"About midnight on Saturday night," March 10, 1968, defendant was seen leaving a tavern "across from the City Hall" in Belle, Missouri, by Trooper Dennis Herndon of the Missouri State Highway Patrol. According to the trooper, the defendant got into his panel truck and drove about four blocks, "most of the time completely on the wrong side of the street, with no lights." Trooper Herndon stopped the defendant as he "got into his driveway in front of his house." Defendant got out of his truck. Trooper Herndon then noticed that defendant had a strong odor of alcohol on his breath, and that his speech was slurred and incoherent. The trooper thereupon placed the defendant under arrest and requested that he take the "breath test."

1. Statutory references are to R.S.Mo. (Cum.Supp.1967) and V.A.M.S., except where otherwise noted.

Defendant consented. He was then taken to the Maries County Courthouse at Vienna, Missouri, and, one hour and four minutes after he left the tavern, defendant was given a "breathalyzer" test. This test showed a blood alcohol concentration of sixteen-hundredths of one per cent. Trooper Herndon testified, among other things, that he was the holder of a Type III permit from the Division of Health, which qualified him to operate a breath analyzer, but did not qualify him to explain the principle upon which it operated. He also testified that he did not know whether the figure sixteen-hundreths per cent represented blood alcohol concentration by weight or by volume.

Over the defendant's strenuous and repeated objection, the result of the test was admitted in evidence. At the close of all the evidence, the trial court gave Instruction No. S–2–G, which advised the jury that if it found the breath analysis indicated the amount of alcohol in defendant's blood to be fifteen-hundredths of one per cent or more *by weight*, then the test should be considered as evidence that defendant was intoxicated when the test was made. In this court, the defendant maintains that the giving of Instruction No. S–2–G was prejudicial error, because there was no evidence upon which to base it. We think we must agree.

The law dispositive of this appeal has been stated well and recently in State v. Corsiglia, Mo.App., 435 S.W.2d 430, and we shall restate it only to the extent necessary to show the basis of our opinion. Section 564.442 provides that upon the trial of any criminal action or violations of county or municipal ordinances arising out of acts alleged to have been committed by any person while driving a motor vehicle while intoxicated, the amount of alcohol in the person's blood at the time of the act alleged as shown by chemical analysis of

the person's blood, breath, saliva or urine is admissible in evidence. This section further provides that such evidence shall be taken as prima facie evidence of intoxication at the time the specimen (of breath or body fluid) was taken if the blood alcohol concentration is fifteen-hundredths of one per cent or more by weight of alcohol. Paragraph 4 of Section 564.442 [2] specifically provides that "[p]er cent by weight of alcohol in the blood shall be based upon milligrams of alcohol per one hundred *milligrams* of blood." Section 564.441 provides that breath analysis, to be considered valid, shall be performed according to methods approved by the state division of health, and the division is authorized to approve techniques or methods of breath analysis to determine the concentration of blood alcohol.

On October 1, 1965, the Director of the Division of Health filed a set of "Rules for Determination of Blood Alcohol by Breath Analysis" with the Secretary of State, as provided by Section 536.020, RSMo (1959). These rules recite that they have been issued pursuant to the provisions of Sections 564.441 and 564.442. Section 1 of the rules defines "blood alcohol" as the alcoholic content of blood as measured by the per cent by weight of alcohol based upon milligrams of alcohol per one hundred *milliliters* (cubic centimeters) of blood (our emphasis), and this section also defines a "breath analyzer" as a device which so measures the blood alcohol concentration. Since, as noted in the *Corsiglia* case, supra, 435 S.W.2d at 432 [2], we know judicially that a milligram is a unit of weight and a milliliter or cubic centimeter is a unit of volume, it is obvious that the statute prescribes one measurement and the division's rule prescribes another. While it appears—at least to us— that the division's definition of "blood alcohol" is one of several accepted defini-

2. So numbered in V.A.M.S. In the enrolled bill, this definition appears as paragraph 2, and it appears as paragraph 2 in R.S. Mo. (Cum.Supp.1967).

tions of blood alcohol concentration "by weight," [3] it is *not*, again as noted in *Corsiglia*, the measurement prescribed by paragraph 4 of Section 564.442, and by definition the measurement made by a breath analyzer is not the quantitative measurement required by law to raise the statutory presumption of intoxication. There is nothing in the record to indicate or show the concentration of alcohol in defendant's breath "by weight" as that term is defined by paragraph 4 of Section 564.442, and we therefore conclude that the giving of Instruction S–2–G was error prejudicial to the defendant. State v. Corsiglia, supra, 435 S.W.2d at 432 [2], and see State v. Rodell, 17 Wis.2d 451, 117 N.W.2d 278, 280 [1].

For the error noted, the cause is reversed and remanded for a new trial.

STONE and TITUS, JJ., concur.

3. See Anno., 159 A.L.R. 209, 211, note 3 (1945); Ladd and Gibson, Legal-Medical Aspects of Blood Tests to Determine Intoxication, 29 Va.L.Rev. 749, 752 (1943).