**STATE of Missouri, Respondent,**

v.

**Vernon Odeal PERSELL, Appellant.**

**No. 25601.**

Kansas City Court of Appeals, Missouri.

June 7, 1971.

Wilbur L. Pollard and Wm. Harrison Norton, Norton & Pollard, Kansas City, for appellant.

R. Max Humphreys, Pros. Atty., Grundy County, Trenton, for respondent.

JAMES W. BROADDUS, Special Commissioner.

The defendant Persell, was charged with driving a motor vehicle while intoxicated in violation of Sect. 564.440 V.A.M.S. The case was tried to the court, a jury having been waived. The court found defendant guilty and assessed a fine of $100, plus costs. Defendant has appealed.

As its first witness the State called Chester Baker, a sergeant for the Missouri Highway Patrol for 18 years. He testified that he observed the defendant on August 27, 1969, at a place about two miles south of Tindall on Highway 65 in Grundy County; that he was going south in the opposite direction of the defendant's vehicle and noticed in his rear-view mirror that defendant's car had no tail lights. He turned around and followed the defendant into Tindall where he stopped the defendant. He testified that he observed that defendant was unsteady on his feet, his speech was impaired, his eyes were bloodshot and, in his opinion, the defendant was intoxicated.

On cross-examination Sergeant Baker testified that he administered a breathalyzer test to defendant, but did not bring the results of the test to court and he had no recollection as to what the defendant had registered on the test. He further testified that he had not asked the defendant to walk a straight line, nor to pick up coins, nor did he give defendant the "finger-to-nose" test. He further testified that he had made out an alcoholic influence report, but that he did not have that report in court with him. He stated that the defendant was polite and cooperative and that his answers to questions were intelligent; that he had no knowledge as to how defendant got home or how long he had been in jail.

Sam Robb, a police officer in Trenton, Missouri, for three years, testified that he had observed the defendant in the courthouse at the time in question; that his eyes were bloodshot; that he was unsteady on his feet and that he had an odor of a strong alcoholic beverage about him, and that in his opinion the defendant was intoxicated. On cross-examination he testified that he had observed the breathalyzer test administered by Sergeant Baker; that the defendant did not trip or fall over anything; that he personally had no conversation with the defendant but that his (defendant's) conversation with the sergeant was intelligent and sensible; that the defendant was cooperative, but that he did not know how he got home the night in question.

Defendant Persell testified that he lived in Cainsville, Missouri; that on the day in question he worked all day until about 7

o'clock at night at his place of business and that he had not had anything to drink during the working hours; that he had later gone to Trenton where he had three drinks over a period of an hour and a half; that he was brought to the courthouse in Trenton, but no examination was made of him other than the breathalyzer test and he was not given the results of this test; that he was in the courthouse for 30 to 45 minutes and then taken to the city jail where he stayed until 2 o'clock. He then drove his own car home. The court refused to let the defendant testify as to whether his ability to drive a motor vehicle was impaired or affected nor was he allowed to testify as to his ability to negotiate his car.

· The State has filed no brief.

■ Defendant's first contention is that there was not sufficient evidence to support the judgment.

As stated, Chester Baker, who has been a sergeant for the Highway Patrol for 18 years, testified that defendant "was unsteady on his feet. His speech was impaired. His eyes were bloodshot, and in my opinion, he was intoxicated."

Sam Robb, who had been a police officer in Trenton for three years, testified that defendant's "eyes were bloodshot, and he was unsteady on his feet, and he had an odor of a strong alcoholic beverage about him. He was wiggly on his feet. You know he was unsteady. In my opinion he was intoxicated."

Our Appellate Courts held in the cases of State v. Paul, 437 S.W.2d 98, 100, and State v. Thornton, 441 S.W.2d 738, 741, 742, that the evidence, which was almost identical to that appearing in the instant case, was sufficient to sustain a conviction. We rule the contention against defendant.

■ Defendant's remaining contention relates to the refusal of the court to admit certain testimony.

As pointed out in the statement of facts, the court refused to allow the defendant to give his opinion as to whether he was under the influence of intoxicating liquor at the time in question, and to give evidence of his safe and careful operation of his motor vehicle. This evidence could be very persuasive because it could show that the defendant was able to do, without difficulty, the normal functions required in the operation of a motor vehicle which an intoxicated person might be able to do, but with difficulty.

Our Supreme Court held in the case of State v. Ryan, 275 S.W.2d 350, that the manner of the defendant's driving of his motor vehicle, whether carefully or carelessly, is relevant to the issue of whether he was intoxicated.

The refusal of the court to permit defendant to so testify was prejudicial to him, especially when coupled with the fact that the State failed to produce the results of the breathalyzer test which had been administered to him. The law is that, where one of the parties fails to produce evidence which is available to him and which he might be expected to produce, his failure to produce it authorizes a strong presumption that such evidence if produced, would be adverse to him. McNicholas v. Continental Baking Co., Mo.App., 112 S.W.2d 849; State ex rel. St. Louis County Transit Company v. Walsh, 327 S.W.2d 713, 718.·

The judgment should be reversed and the cause remanded. Your Special Commissioner so recommends.

PER CURIAM:

The foregoing opinion by JAMES W. BROADDUS, Special Commissioner, is hereby adopted as the opinion of the Court and the judgment is reversed and the cause remanded.

All concur.