**STATE of Missouri, Respondent,**

v.

**Murray Junior ELLSWORTH, Appellant.**

**No. 25602.**

Kansas City Court of Appeals,
Missouri.

June 7, 1971.

Wilbur L. Pollard and Wm. Harrison
Norton, Norton & Pollard, Kansas City,
for appellant.

R. Max Humphreys, Pros. Atty., Grundy
County, Trenton, for respondent.

JAMES W. BROADDUS, Special Commissioner.

The defendant Ellsworth was charged
with driving a motor vehicle while intoxicated in violation of Sect. 564.440 V.A.M.
S. The case was tried to the court, a jury
having been waived. The court found the
defendant guilty and fixed his punishment
at confinement in the Grundy County Jail
for a period of 20 days, plus costs. Defendant has appealed.

Patrolman Rex Stuart testified that he
had been on the Highway Patrol for the
State of Missouri for four years and that
he saw the defendant at the scene of an
accident on Highway 65 three miles south
of Spickard, Missouri. He further testified that he investigated and found a 1967
Plymouth burning. He testified as to tire
tracks at the scene of about 500 feet; that
the defendant asked him to dim his lights
and he observed that the defendant's eyes
were bloodshot; that there was an odor of
alcoholic beverage and he was talkative.
The witness testified that in his opinion
defendant was intoxicated at the time. On
cross-examination, Trooper Stuart testified
that he had at the time of the arrest made
out an alcoholic report form, but that he
had not brought it to court with him so he
had no records with him; that he had administered a breathalyzer test to the defendant but had not brought that to court.
He admitted that he had not given defendant any test as to his ability to walk a
straight line or the "finger-to-nose" test,
nor the "picking-up-coins" test. He further testified that he had not questioned defendant about the fire or anything unusual
about the car, nor made any determination
as to its cause.

Kenneth Pilcher testified that he was an officer with the Trenton Police Department; that on the occasion in question, he had observed the defendant take the breathalyzer test in the courthouse. He likewise testified that defendant's eyes were bloodshot, red and watery and that he was talkative. Based on this, his opinion was that defendant was intoxicated.

The defendant Ellsworth testified that he lived in Kansas City, Missouri, and worked at the Ford Assembly Plant there. He testified that on the day in question, he had worked from 3 o'clock in the afternoon until 11:30 at night; that his duties at work required him to do welding which made his eyes bloodshot and red; that after finishing his work on the day in question, he left Kansas City and drove to Trenton for the purpose of going to his father's place for the weekend to help him with the harvest; that he stopped in Trenton where he had two or three drinks of whiskey over a period of about 20 minutes; that he left Trenton going north; that as he drove up the highway where the accident occurred, he observed sparks under the dash near the stero tape player; that in an effort to determine the cause of the sparks, he lost control of the car because the pavement was wet and slick and he skidded on the highway but did not turn over or lose complete control of the car. He further testified that the interior of the car was burned out before the fire department was able to extinguish the fire. He further testified that the Trooper's car was half on the roadway and half on the shoulder and that the Trooper had his bright lights on. He thought this might cause another accident and he asked the Trooper to dim his lights. The court refused to allow the defendant to testify as to whether or not, in his opinion, he was under the influence of intoxicating liquor at the time in question. Defendant asked Patrolman Stuart for the results of the breathalyzer test, but the request was denied.

The State has not favored us with a brief.

■ Defendant's first contention is that there was not sufficient evidence to support the judgment.

As stated, Rex Stuart, who had been on the Highway Patrol for four years, testified that defendant's "eyes were bloodshot, he was very talkative. There was an odor of alcoholic beverage about his person, and like I say, he was very talkative. In my opinion he was intoxicated."

Kenneth Pilcher, an officer with the Trenton Police Department, testified that defendant's "eyes were red, watery and bloodshot. His speech was—well, talked quite a bit. I would say he was intoxicated."

Our Appellate Courts held in the cases of State v. Paul, 437 S.W.2d 98, 100, and State v. Thornton, 441 S.W.2d 738, 741, 742, that the evidence, which was quite similar to that appearing in the instant case, was sufficient to sustain a judgment of conviction. We rule the contention against defendant.

■ Defendant's remaining contention relates to the refusal of the court to admit certain testimony.

As stated, the court refused to allow defendant to give his opinion as to whether he was under the influence of intoxicating liquor at the time in question, and to give evidence of his safe and careful operation of his motor vehicle. This evidence could be very persuasive because it could show that the defendant was able to do, without difficulty, the normal functions required in the operation of a motor vehicle which an intoxicated person might be able to do, but with difficulty.

Our Supreme Court held in the case of State v. Ryan, 275 S.W.2d 350, that the manner of the defendant's driving of his motor vehicle, whether carefully or carelessly, is relevant to the issue of whether he was intoxicated.

The refusal of the court to permit defendant to so testify was prejudicial to

him, especially when coupled with the fact that the State failed to produce the results of the breathalyzer test which had been administered to him. The law is that where one of the parties fails to produce evidence which is available to him and which he might be expected to produce, his failure to produce it authorizes a strong presumption that such evidence, if produced, would be adverse to him. McNicholas v. Continental Baking Co., Mo.App., 112 S.W.2d 849; State ex rel. St. Louis County Transit Co. v. Walsh, Mo.App., 327 S.W.2d 713, 718.

The judgment should be reversed and the cause remanded. Your Special Commissioner so recommends.

PER CURIAM:

The foregoing opinion by JAMES W. BROADDUS, Special Commissioner, is hereby adopted as the opinion of the Court and the judgment is reversed and the cause remanded.

All concur.