KANSAS CITY, Missouri, Respondent,

v.

Ora Eugene DOUGLAS, Appellant.

No. 25317.

Missouri Court of Appeals,
Kansas City District.

July 25, 1972.

James L. Muller, Legal Aid & Defender Society of Gr. K. C., Kansas City, for appellant.

Aaron A. Wilson, City Counselor, Charles A. Lewis, Assoc. City Counselor, Kansas City, for respondent.

WASSERSTROM, Judge.

This case arises out of proceedings against the defendant for violation of two city ordinances. He was convicted with respect to both in the municipal court, and he appealed therefrom to the circuit court. From an affirmance by the circuit court, defendant appealed again to this Court.

After an initial hearing, this Court transferred the case to the Supreme Court for determination of a constitutional question presented by defendant as one of his points upon appeal. The Supreme Court retransferred here, pursuant to its decision that defendant has no standing to raise the constitutional point in question. Kansas City v. Douglas, Mo., 473 S.W.2d 101.

The remaining points now left to be disposed of are the sufficiency of the evidence to support each conviction. In reviewing the record for this purpose, we must construe the evidence most strongly in favor of the result reached in the court below. State v. McNail, Mo.App., 389 S. W.2d 214, 1. c. 219. The facts in evidence and all favorable inferences reasonably to be drawn therefrom are to be considered in the light most favorable to the City and all inferences and evidence to the contrary are

to be disregarded. State v. Todd, Mo. App., 477 S.W.2d 725, 1. c. 728.

There was evidence to show that on a Saturday night, at about 9:00 p. m., the defendant drove out of a parking lot at Linwood and Prospect in Kansas City, Missouri. Prospect is a north-south business street, on which a police car was proceeding at that time southbound. Defendant crossed to the west side of Prospect, "cut off" two cars southbound in front of the police car, and defendant then proceeded south on Prospect at a high rate of speed. At about 35th and Prospect defendant passed several cars on the wrong side of the street and continued southbound on Prospect. The officer thereupon turned on his headlight and siren and brought defendant to a halt.

After defendant had come to a stop, he got out of his automobile and walked back to the police car. The officer detected a strong odor of alcohol on defendant's breath and described defendant as having watery and bloodshot eyes, wobbling balance, staggering in walking and in turning, speech slurred, choice of words poor, and clothing mussed and soiled by alcoholic liquor. His attitude was antagonistic, insulting and fighting. Defendant threatened to kill the officer when he got out of jail. Based on those observations by the officer, it was his judgment that defendant was under the influence of intoxicating liquor at the time in question. Defendant admitted that he had done some drinking but gave the familiar explanation that he had consumed only "about two bottles of beer".

I

The first question for decision is whether the evidence supports a conviction on the charge of driving under the influence of intoxicating liquor in violation of § 34.113 Revised Ordinances of Kansas City Missouri.[1] The evidence outlined above is

1. § 34.113 provides as follows:
 "(a) Driving prohibited. No person who is under the influence of intoxicating liquor shall drive or be in actual phys-

ical control of any vehicle or railroad train."
 \* \* \* \* \*

amply sufficient for that purpose. It has long been settled that opinion evidence may be given by even a layman as to the fact of intoxication, 7 Am.Jur.2d, "Automobiles and Highway Traffic", § 331, p. 874; State v. Powell, Mo.Sup., 306 S.W.2d 531; State v. Edmonds, Mo.App., 468 S.W.2d 685, 1. c. 688. There are numerous cases in this State sustaining convictions for drunken driving under evidence similar to that here. State v. Ellsworth, Mo.App., 468 S.W.2d 722; State v. Persell, Mo.App., 468 S.W.2d 719; Kansas City v. Crawford, Mo.App., 456 S.W.2d 587; State v. Paul, Mo.App., 437 S.W.2d 98, 1. c. 100; State v. Griffin, 320 Mo. 288, 6 S.W.2d 866, 1. c. 868.

 The defendant objects that the arresting officer did not make certain tests of intoxication such as: the pupil dilation test; tests for balance; having the subject stand erect with heels together, eyes closed and head back; having the subject walk an imaginary line; and having the subject turn so as to observe coordination. The officer gave a perfectly reasonable explanation for not giving those tests, in that the defendant was uncooperative and antagonistic. The failure to give those tests goes at most to the matter of credibility. Moreover, our predecessor court has held that particular tests for intoxication are not indispensably required. Kansas City v. Crawford, Mo.App., 456 S.W.2d 587, 1. c. 591.

Defendant also argues that the evidence of defendant's intoxication was only circumstantial and that therefore "each independent fact must be proved in the same satisfactory manner as if the whole issue rested on proof thereof." By this process of reasoning, defendant attacks each factor mentioned by the arresting officer as a basis for his opinion concerning defendant's

drunkenness, and defendant claims that each of those factors considered separately is insufficient. Defendant's argument is without substance. It is sufficient to point out that this is not a case involving circumstantial evidence. The fact of drunkenness was within the direct personal observation of the arresting officer. As hereinabove pointed out, there is abundant case authority holding that his opinion testimony is sufficient to support this conviction. The conviction will not be disturbed, since not clearly erroneous. Kansas City v. Crawford, Mo.App., 456 S.W.2d 857.

II

The final question for consideration is whether the evidence supports defendant's conviction for careless driving under § 34.-112, Revised Ordinances of Kansas City, Missouri.[2] We hold the evidence to be sufficient.

 There is no hard and fast definition of the concept of careless or reckless driving, but rather that is a matter to be decided as a question of fact in each particular case. This subject is treated in 52 A.L.R.2d 1337, 1. c. 1370 "What amounts to reckless driving of motor vehicles within the statute making such a criminal offense", which annotation has been cited and relied upon by our predecessor court in State v. Tevis, Mo.App., 340 S.W.2d 415. The rule is stated in the annotation referred to as follows:

"It is generally recognized that the question what constitutes reckless driving depends upon the particular circumstances and that the determination thereof is for the trier of fact whether it be the judge or a jury."

 The facts here sufficiently support the finding of the court below that defend-

---

2. § 34.112 provides as follows:

"(a) Violations. Any person who drives any vehicle or road train upon a street carelessly and heedlessly, in disregard of the rights or safety of others; or without due caution and circumspec-

tion; or at a speed and in a manner so as to endanger or be likely to endanger any person or property, shall be guilty of careless driving."

 * * * * *

ant's conduct constituted careless driving. This evidence shows, among other things, that the defendant was guilty of speeding, driving on the wrong side of the road, and driving while drunk. Convictions were sustained under somewhat similar facts in State v. Tevis, supra, and State v. McNail, Mo.App., 389 S.W.2d 214.

Defendant complains that one of the specifications of careless driving which is charged in the traffic ticket is that he drove left of the center of the street, and that this element was not adequately proved. In this connection, defendant argues that the specification mentioned "undoubtedly has reference to the separate offense proscribed by subsection 4 of § 304.016, R.S.Mo.1959". Even if we assume that it is necessary for the City to prove all of the elements of that statute, such has been done here.

§ 304.016 V.A.M.S. provides that no vehicle shall be driven on the left side of the roadway when the vehicle is at or approaching within 100 feet of any intersection. Defendant's precise objection is that there was no showing that his driving on the wrong side of the street occurred at or within 100 feet of an intersection. However, the evidence of the arresting officer was that the defendant passed several cars on the wrong side of the road "at about 35th and Prospect". That testimony is sufficient to sustain a finding that the passing on the wrong side of the road occurred at or in close proximity to the intersection of 35th Street and Prospect Avenue.

Defendant also argues on the basis of State v. Todd, Mo.App., 477 S.W.2d 725, that there could be no finding of careless driving unless the property of another or the life or limb of any person was endangered. This requirement as set forth in the Todd case relates to an offense charged under § 304.010 V.A.M.S. Assuming that such requirement applies to proceedings under Kansas City Ordinance § 34.112, that element is adequately shown by the evidence. There can be no real question but that the defendant endangered the life and limb of the people riding in the vehicles which he passed at a high rate of speed, by driving on the wrong side of the street, and particularly while he was driving in an intoxicated condition.

The judgment is affirmed.

All concur.