**STATE of Missouri, Plaintiff-Respondent,**

v.

**Lawrence Walter HART, Defendant-Appellant.**

No. 11877.

Missouri Court of Appeals, Southern District, Division One.

June 15, 1981.

---

David A. Schwartze, Pros. Atty., Vienna, for plaintiff-respondent.

Jay White, Rolla, for defendant-appellant.

GREENE, Presiding Judge.

Defendant, Lawrence Walter Hart, was charged with a Class A misdemeanor of driving while intoxicated, in violation of § 577.010, RSMo 1978. He was jury-tried, and sentenced by the trial court to 30 days' confinement in the county jail in accordance with the jury verdict. This appeal followed. We affirm.

Evidence substantial to support the jury verdict was as follows. On January 21, 1980, Gene Bracy, a deputy sheriff of Maries County, while driving his patrol car south on Highway 63, came upon a 1970 Chevrolet automobile weaving back and forth across the center line and "off onto the shoulder of the highway." Bracy stopped the Chevrolet which was being driven by defendant. Bracy asked defendant if he had been drinking, to which question defendant responded, "A couple of beers." Defendant's speech was slurred, his eyes were watery, his face was "red and flushed", and his clothing was dirty and disarrayed. In Bracy's opinion, defendant was intoxicated.

Defendant's sole point on appeal is that the trial court erred in not declaring a requested mistrial for the reason that, during the trial, the trial court permitted inadmissible evidence to go to the jury concerning blood alcohol tests made of defendant's blood at Phelps County Memorial Hospital. Defendant contends that even though the court later instructed the jury to disregard such evidence, and not to consider it in its deliberations, the prejudicial effect of the evidence remained, thus depriving defendant of a fair trial. Evidence on that issue was as follows.

As Deputy Bracy was transporting defendant to jail, defendant has some sort of "choking spell." Bracy called an ambulance, via radio, to meet them at the Maries County Courthouse. Upon arrival at the courthouse, Bracy opened the patrol car door to assist defendant in getting out of the car, at which time defendant fell out of the car onto the ground. Defendant was taken to the emergency room of the Phelps County Memorial Hospital where his vital signs were checked and blood alcohol tests were administered.

At trial, Deborah May, a certified laboratory assistant at the hospital, testified that two blood alcohol tests were made on blood taken from defendant. She said she made one of the tests and Cynthia Clift performed the other. Ms. May remembered that defendant "smelled of alcohol" when she ran the test. She testified that defendant's test showed a blood alcohol content of 0.168 percent. She also testified that the

test result represented blood alcohol content by *volume*. Section 577.030.1(3) provides that if there is ten-hundredths of one percent or more by *weight* of alcohol in the person's blood, that fact is prima facie evidence that the person was intoxicated at the time the specimen was taken.

State's witness Ann Sheppard, the Director of the Medical Records Department at Phelps County Memorial Hospital, identified State's Exhibit No. 2 as the emergency room record of Lawrence W. Hart for the date of January 21, 1980. She read the records to the jury, including notations pertaining to the blood alcohol testing.

At the conclusion of the State's evidence, and prior to the submission of the case to the jury, the following exchange took place between defense counsel and the trial court, out of the presence of the jury.

"Mr. White: I object to the Court giving instructions as now submitted by Instructions 1, 2, 3, 4, 5, 6, 7 and 8, for the reason that it does not instruct on all of the law. And further request that the Court give an instruction to cure admissibility of inadmissible, incompetent, irrelevant and immaterial evidence that the Court allowed in the case during the State's case, and at least give an instruction that the jury disregard all of the evidence concerning any testing, oral or written evidence, as stated in Exhibit 2, and all the witnesses, including Gene Bracy and May—Ann Sheppard and Deborah May, any oral testimony that they gave. I want the jury to be ordered to disregard that evidence that the Court has withdrawn, all of that evidence concerning any blood alcohol testing or anything like that, and that's the main objection.

Now, of course, I request the Court to declare a mistrial and discharge the jury on the grounds that the evidence as now submitted is so far in that the jury can't forget it and it's highly prejudicial, and no way that they could proceed further to have a fair trial, because the jury already has all this high percentages of alcohol content in his blood, and it turns out that it's by volume according to the testimony;

so I request that the Court declare a mistrial and ask that the case be started over again.

The Court: Do you have any written instruction, Mr. White, for the Court, withdrawal instruction?

Mr. White: I have prepared one, and I run down to my office and my secretary was temporary out, but I did not get it typed.

The Court: Did you just now get this motion typed, motion for judgment of acquittal at the close of evidence?

You don't have any written instruction for the Court to give?

Mr. White: Not in my hand I don't. I have it over in the office that I could get in a few minutes, if the Court would permit me to go get it and get it typed up.

The Court: Let the record show that we started this at 1:00 and we advised Mr. White at that time that if he wanted to prepare a withdrawal instruction to present to the Court, the Court would be happy to entertain it. It is now 2:15 and the Court proposes to go conclude this trial with the jury.

Mr. White: I request the Court to give the instruction anyway, even though I have not been able to get it typed up and get it to the Court.

The Court: Let the record show—let the record show the request of Mr. White for a mistrial is denied."

Thereafter, the court stated to the jury:

"The Court: Members of the jury, the evidence is now all in, and the Court, of its own motion, is withdrawing the evidence of witness Sheppard and witness May as to the content of any blood alcohol test that was performed. And members of the jury, in your deliberations you are not to consider that evidence when you deliberate on your verdict."

 It is true that a criminal case may be reversed because prejudicial evidence was erroneously admitted, even though the trial judge later attempted to cure the error by giving a withdrawal instruction to the jury, but only if it is obvious that the prejudicial effect of such evidence remains de-

spite the action taken by the trial court. *State v. Hepperman,* 349 Mo. 681, 162 S.W.2d 878, 888 (1942). It is also true that, in cases where prejudicial evidence has been improperly admitted, the necessity of the drastic remedy of mistrial is a matter addressed to the sound discretion of the trial court. Absent a manifest abuse of that discretion, the appellate court will not interfere. *State v. Hayes,* 442 S.W.2d 14, 17 (Mo.1969). We do not feel that the trial court abused its discretion in denying the mistrial motion.

The testimony of Ms. May, in which she said that her test of defendant's blood alcohol content which showed an alcohol concentration of 0.168 percent by *volume* was inadmissible since measurement of blood alcohol by volume is not the quantitative measurement of blood alcohol content by weight so as to raise a statutory presumption of intoxication. § 577.030.1(3); *State v. Carwile,* 441 S.W.2d 763, 765–766 (Mo. App.1969). However, this testimony did not come in through design on the part of the state. During cross-examination, defense counsel asked Ms. May if the test result showed blood alcohol content by weight or by volume. She replied, "By volume." At that time, defendant's counsel did not object to the answer, did not move the answer be stricken, did not request the trial court to order the jury to disregard the answer, and did not request a mistrial.

At the close of the state's evidence, defendant chose to stand on his motion for judgment of acquittal for the reason that the evidence was not sufficient to sustain a finding of guilty, which objection the trial court overruled. Defense counsel then, for the first time, raised the inadmissible evidence issue, asked for a withdrawal instruction, and requested a mistrial. The court gave the withdrawal instruction, but denied the motion for mistrial. We cannot say that he was wrong in so doing.

The blood alcohol test results were not necessary to make a submissible case against defendant. *State v. Blumer,* 546 S.W.2d 790, 791 (Mo.App.1977). There was no prejudice to defendant arising from the denial of the mistrial motion since there was substantial proof of defendant's intoxi-cation from the testimony of Deputy Bracy. There was no evidence to controvert his testimony. The point is denied.

The judgment is affirmed.

All concur.