STATE of Missouri, Plaintiff-Respondent,

v.

Michael T. BLUMER,
Defendant-Appellant.

No. KCD 28658.

Missouri Court of Appeals,
Kansas City District.

Jan. 31, 1977.

John B. Schwabe, II, Columbia, for defendant-appellant.

David M. Strauss, Asst. Pros. Atty., Boone County, Columbia, for plaintiff-respondent.

Before SWOFFORD, P. J., PRITCHARD, C. J., and DIXON, J.

DIXON, Judge.

Defendant appeals a judgment of conviction and sentence imposed for driving while intoxicated as proscribed by § 564.440, RSMo 1969. He asserts error in failure to instruct on driving with ten-hundredths of one percent or more by weight of alcohol in the blood (an offense proscribed by § 564.-439, RSMo Supp. 1975), claiming that it is a lesser included offense of driving while intoxicated. He also asserts error in the overruling of his objection and motion for mistrial made during the closing argument of the prosecutor. We affirm.

Since no claim is made that the evidence was insufficient, we will set forth only the facts necessary to show that a submissible case was made. On September 29, 1975, a Columbia, Missouri, policeman observed an automobile being driven over a curb while making a left turn. He continued to observe the vehicle swerve twice into the lane of oncoming traffic. The policeman stopped the car and asked the driver, the defendant, for his driver's license. As defendant emerged from the car, the policeman observed that defendant was unsteady on his feet and that there was a moderate odor of intoxicants inside the vehicle and about the defendant. The results of two field sobriety tests (walking a straight line and putting finger to nose) indicated to the

policeman that the defendant was intoxicated. The policeman placed the defendant under arrest for driving while intoxicated and took him to the police station. A breathalyzer test given shortly thereafter indicated fifteen-hundredths of one percent by weight of alcohol in the defendant's blood.

The trial court refused defendant's request for an instruction which would have allowed the jury to find defendant guilty of driving with ten-hundredths of one percent or more by weight of alcohol in the blood, an offense proscribed by § 564.439, RSMo Supp. 1975. Section 564.439 became effective September 28, 1975, and provides in pertinent part,

"1. No person shall drive a motor vehicle when the person has ten-hundredths of one percent or more by weight of alcohol in his blood. . . .

"2. Any person who violates the provisions of this section is guilty of a misdemeanor . . . ."

Section 564.440, RSMo 1969, under which defendant was charged, provides in pertinent part, "No person shall operate a motor vehicle while in an intoxicated condition. Any person who violates the provisions of this section shall be deemed guilty of a misdemeanor on conviction for the first two violations thereof, and a felony on conviction for the third and subsequent violations thereof . . . ."

The general method for determining whether an offense is a lesser included offense of another is to compare the essential elements of both offenses. If all the essential elements of the offense which is being considered for submission as a lesser included offense are found to coincide with some of the essential elements of the graver offense, the former will be a lesser included offense of the latter. *State v. Friedman*, 398 S.W.2d 37, 39 (Mo.App.1965); *State v. Amsden*, 299 S.W.2d 498, 504 (Mo.1957); Richardson, "Lesser Graded or Included Offenses," p. 9, The Missouri Bar Committee Comments on Missouri Approved Criminal Instructions (1973). Therefore, if all of the essential elements of driving with ten-hun-dredths of one percent or more by weight of alcohol in the blood (§ 564.439, RSMo Supp. 1975) are found to coincide with some of the essential elements of driving while intoxicated (§ 564.440, RSMo 1969), then the former is a lesser included offense.

The essential elements of driving with ten-hundredths of one percent or more by weight of alcohol in the blood are (1) operating a motor vehicle, and (2) doing so with ten-hundredths of one percent or more by weight of alcohol in the blood. "For the purposes of determining the alcoholic content of a person's blood under this section, the test *shall* be conducted in accordance with the provisions of sections 564.441, 564.-442, and 564.444." Section 564.439(1), RSMo Supp. 1975. (Emphasis added.)

The essential elements of the offense of driving while intoxicated are (1) operating a motor vehicle, and (2) doing so while in an intoxicated condition. *State v. Dodson*, 496 S.W.2d 272, 273 (Mo.App.1973). In prosecutions for driving while intoxicated, it is permissible for laymen and experts to express their opinion that the defendant was intoxicated at the time in question. *State v. Scaturro*, 509 S.W.2d 491, 493 (Mo.App.1974); *State v. Persell*, 468 S.W.2d 719, 721 (Mo.App.1971). Although chemical test results are also admissible to show intoxication in a prosecution for driving while intoxicated (see: § 564.442, RSMo Supp. 1972), such evidence is not needed to make a submissible case. *State v. Thornton*, 441 S.W.2d 738 (Mo.App.1969).

Applying the test outlined in *State v. Friedman, supra,* and *State v. Amsden, supra,* it becomes apparent that driving with ten-hundredths of one percent or more by weight of alcohol in the blood is not a lesser included offense of the offense of driving while intoxicated. To be sure, the first element of each offense, i. e., operation of a motor vehicle, is identical. However, the second element of § 564.439, RSMo Supp. 1975 (driving with ten-hundredths of one percent or more by weight of alcohol in the blood), does not coincide with any essential element of the offense of driving while intoxicated.

Ten-hundredths of one percent by weight of alcohol in the blood is a cold medical fact. Intoxication is a physical condition usually evidenced by unsteadiness on the feet, slurring of speech, lack of body coordination and an impairment of motor reflexes. As previously mentioned, intoxication can be proven either by opinion evidence or by chemical analysis of blood, breath, saliva, or urine (see: § 564.442, RSMo Supp. 1972), or by both. Consequently, the presence of ten-hundredths of one percent by weight of alcohol in a defendant's blood is not an essential element of the offense of driving while intoxicated. Since this essential element of the offense proscribed by § 564.439, RSMo Supp. 1975, does not coincide with any essential element of the offense proscribed by § 564.440, RSMo 1969, the former offense is not a lesser included offense of driving while intoxicated, and the trial court was not obliged to instruct on it.

Defendant's allegation of error in overruling his objection and motion for mistrial directed at remarks made by the prosecutor during closing argument is without merit. After stating that the evidence presented by the State was sufficient to find the defendant guilty of driving while intoxicated, the prosecutor asked the jury to send a message advising the public that drunk drivers are punished in Boone County. Defendant alleges that the trial court erred in failing to sustain his objection to this comment and in failing to sustain his motion for mistrial directed at this comment.

Defendant recognizes that previous authority holds such remarks proper. See, e. g., *State v. Harris*, 413 S.W.2d 244, 248 (Mo.1967); *State v. Jones*, 384 S.W.2d 554, 560 (Mo.1964). Nevertheless, he disagrees with that authority and argues that the remarks were prejudicial due to their lack of relevance to his guilt or innocence.

This argument completely overlooks the two-fold duty of the jury. The jury sits not only to determine facts but also to determine punishment. The function of punishment for crimes serves a multitude of purposes, among which are retribution, and deterrence from crime of others who would be similarly disposed. The prosecutor's remarks were directed to this latter jury function, especially that of deterrence. The trial court did not err in overruling defendant's objection and motion for mistrial.

The judgment is affirmed.

All concur.