**STATE of Missouri, Respondent,**

v.

**Marvin Lee SAUNDERS, Appellant.**

**No. KCD 28780.**

Missouri Court of Appeals,
Kansas City District.

Feb. 28, 1977.

John B. Schwabe, II, Columbia, for appellant.

David M. Strauss, Asst. Pros. Atty., Columbia, for respondent.

Before WASSERSTROM, P. J., and SOMERVILLE and TURNAGE, JJ.

WASSERSTROM, Presiding Judge.

Appealing from a conviction by jury under § 564.440 RSMo 1969 for driving while intoxicated, defendant assigns three points of error.

As his first point, defendant states that the trial court erred by failing to sustain an objection to an explanation by the prosecuting attorney in his closing argument as to why he had been absent from the courtroom during a portion of the trial. Defendant alleges that the explanation referred to was "patently false" and that it injected matters not in issue and was designed only to arouse the sympathy of the jury, thereby denying defendant a fair trial.

With respect to this matter, the record shows that the prosecuting attorney was absent when the trial resumed after the luncheon recess, and that he returned only after the defendant had concluded his testi-mony on the stand. In his argument to the jury, the prosecutor commenced with the following comment to which defense counsel made the following objection:

> "First, let me apologize to you for my tardiness after the lunch break. Besides Judge Cave having the flu today, two members of our office, Eric Sowers and Earl Seitz, are out with the flu, leaving just Mr. Harper and myself. And besides this Court, there are other—[interrupted]

> MR. SCHWABE [Defense Counsel]: We know where he was. He was eating dinner and I could have been there, too, at that same luncheon. I object to that for trying to invoke sympathy."

The trial court made no ruling on that objection, and defense counsel pressed for none. Nor did defense counsel offer any evidence tending to prove any falsity in the statement made by the prosecutor to the jury.

■ Wholly apart from that defective preservation of the point claimed, this complaint is devoid of merit. The statement in question constituted in effect simply a brief apology which could not have had the effect of denying defendant a fair trial. The cases cited by defendant on this point have been examined and none of them is even remotely in point.

■ As his second point, defendant argues that the trial court erred in failing to instruct with respect to driving while having ten-hundredths of one percent or more by weight of alcohol in the blood, an offense under § 564.439, which defendant claims to be a lesser included offense to driving while intoxicated, which is the offense described by § 564.440 and which is the offense described in the information here. This identical issue has just been ruled contrary to defendant's contention in *State v. Blumer,* 546 S.W.2d 790, decided by this court January 31, 1977.

■ For his third point, defendant contends that the trial court "erred in overruling appellant's objection to the prosecuting attorney's argument that a jury verdict of not guilty would send out a message that

convictions for driving while intoxicated may be avoided by refusing to take the breathylizer test." The argument by the prosecutor to which this objection makes reference was as follows:

"I shudder to think what would happen if other people in this county, when they get arrested for driving while intoxicated, if they learn the way to beat them is don't take that breath test, just refuse to take it, just go on the officer's word and come in here and attack the officer—[interrupted]"

With respect to this point, defendant states in his brief that he "readily concedes that the law in the State of Missouri is that a prosecutor may argue that guilty persons should be convicted in order that others may be deterred from the commission of a crime."

Nevertheless, defendant argues that in this case the prosecutor carried his argument beyond a reasonable limit.

A very similar closing argument and a parallel objection were made in *State v. Blumer, supra,* and this court there held that the objection to the prosecutor's argument was properly overruled. That ruling in *Blumer* is controlling here.

None of defendant's points being meritorious, the judgment is affirmed.

All concur.