**STATE of Missouri,
Plaintiff-Respondent,**

**v.**

**Claude COOK, Defendant-Appellant.**

**No. 14522.**

Missouri Court of Appeals,
Southern District,
Division Two.

June 3, 1986.

Bonnie Keaton, Pros. Atty., Eminence, for plaintiff-respondent.

Don M. Henry, Henry, Henry & Henry, P.C., West Plains, for defendant-appellant.

PREWITT, Chief Judge.

Following nonjury trial defendant was convicted of driving while intoxicated and fined $400. He appeals, presenting two contentions of trial error.

Defendant states in his first point that the trial court erred in allowing a witness to testify to statements made by defendant that he had been driving the vehicle because "the admission of the testimony violates the rule that when the *corpus delicti* has not been sufficiently proven, an uncorroborated extrajudicial confession of guilt cannot be regarded as evidence tending to show guilt."

Unless there is some independent proof of the corpus delicti, extrajudicial admissions, statements, or confessions of the accused are not admissible in evidence. *State v. Johnston,* 670 S.W.2d 552, 554 (Mo.App.1984). For the statements to be admissible, there must be evidence of corroborating circumstances tending to prove the corpus delicti which correspond with the circumstances related in the statement. *State v. Davison,* 668 S.W.2d 252, 254 (Mo.App.1984). If there is evidence of such corroborating circumstances, both the circumstances and the statement may be considered in determining whether the corpus delicti is proven. *State v. Garrett,* 595 S.W.2d 422, 430 (Mo.App.1980).

Bill Terry, a National Park Service Ranger, testified that on September 18, 1985 he was driving on Highway K in Shannon County. As he came over a hill he observed a pickup in the roadway. Defendant was outside the truck trying to change a flat tire on the left front of the pickup. Seated in the passenger's side of the truck seat was defendant's sister-in-law. Terry called on a radio and reported the accident to the highway patrol.

Terry got out to help defendant change the tire. While Terry was there, defendant entered the pickup twice from the driver's side of the vehicle and sat down in the driver's side of the vehicle without making any adjustments to the seat. What type of seat was in the pickup is not in evidence.

After observing the defendant, Terry believed him to be intoxicated. Terry said there were numerous cans of beer, some full and some empty, in the bed of the truck. Over defendant's objection that there had not been a sufficient showing of the corpus delicti, Terry was permitted to testify that defendant told him:

"'I had a blowout on the——this tire,' and pointed to that left-front tire, and said that it took him to the ditch."

Over the same objection Terry testified that defendant "mentioned about inability to control the vehicle, once the tire blew out."

Highway patrol trooper Albert Jones testified that he responded to the call from Terry. He stated that when he arrived there was a Chevrolet pickup sitting in the eastbound lane of the highway and defendant and a woman were sitting in the pickup. Defendant was sitting on the driver's side. Terry was standing beside the pickup. The trooper said he asked defendant if he had been drinking and defendant said that he had. In the back of the pickup the trooper saw a cooler and some full and some empty beer cans, all of the same brand. The trooper testified that he believed defendant to be intoxicated.

Jones arrested defendant for driving while intoxicated. Without objection, Jones testified that while taking defendant to the courthouse, defendant "told me that I was making a big mistake taking him to jail, because he was an influential person in the county, and he knew a lot of people that worked for the State, and there was a possibility I could lose my job." Jones also said that defendant said that if Jones would not proceed with the arrest they "could possibly work out a trade". Jones testified that defendant said he "knew a lot of things in the county that could be beneficial to me in my job.... If I wouldn't

arrest him, he'd trade off some information."

■ Defendant's being in an intoxicated condition while changing the tire of a vehicle in a roadway tends to prove that the offense of intoxicated driving occurred. Although these facts alone may not establish that the crime occurred, they correspond with the circumstances related in defendant's statements to Terry and make those statements admissible. Defendant's first point is denied.

Defendant contends in his second point that:

> The court erred in entering a judgment of conviction because there was no substantial evidence to find that defendant was driving the vehicle...; but even assuming that defendant was driving the vehicle, there was no substantial evidence to find that defendant was intoxicated at the time he may have been driving the vehicle...

To. determine if the charge was proven, we view the evidence and proper inferences therefrom in the light most favorable to the state. *State v. Buffington*, 588 S.W.2d 512, 514 (Mo.App.1979). In a circumstantial evidence case, the circumstances must be such as are inconsistent with defendant's innocence, but it is not necessary that they be absolutely conclusive of guilt, nor that they demonstrate an absolute impossibility of innocence. *State v. Major*, 564 S.W.2d 79, 81 (Mo.App.1978).

Defendant's statements to Terry, discussed in considering point one, were evidence that defendant had been driving the pickup just before the flat tire. There was evidence from which the trier of facts could conclude beyond a reasonable doubt that defendant was intoxicated while driving it.

■ Courts take judicial notice of familiar facts attending the use of automobiles. *Spoeneman v. Uhri*, 332 Mo. 821, 60 S.W.2d 9, 12 (1933). If a vehicle with a flat tire is located in the traveled portion of a highway, the tire is normally changed as soon as possible. This indicates that the flat tire here occurred shortly before Terry arrived. Although it is conceivable that defendant might have become intoxicated after the vehicle stopped, either from drinking more alcoholic beverages then or from the effects of prior drinking, the possibility that defendant became intoxicated after the vehicle stopped would not necessarily create a reasonable doubt as to whether he was guilty. It is improbable that a sober person would have consumed alcoholic beverages before starting to change a tire under the circumstances here, and defendant's condition was unlikely to have significantly changed from the time he was driving until Terry arrived.

■ Defendant's statements to the trooper that arresting him might cost the trooper his job and defendant's attempts to make a "trade" to avoid being charged can be considered in determining if the evidence was sufficient to support the charge. These statements show a consciousness of guilt. Acts, conduct, and declarations of a defendant occurring after the commission of an offense which are relevant to show a consciousness of guilt, or a desire or disposition to conceal the offense, are admissible. *State v. Brooks*, 551 S.W.2d 634, 647 (Mo.App.1977), *cert. denied*, 434 U.S. 1017, 98 S.Ct. 736, 54 L.Ed.2d 763 (1978). See also *State v. Brown*, 636 S.W.2d 929, 937 (Mo.banc 1982), *cert. denied*, 459 U.S. 1212, 103 S.Ct. 1207, 75 L.Ed.2d 448 (1983); *State v. Lindsey*, 630 S.W.2d 191, 193 (Mo. App.1982); *State v. Mercer*, 611 S.W.2d 392, 397 (Mo.App.1981); *State v. Tash*, 528 S.W.2d 775, 781 (Mo.App.1975).

The evidence was sufficient for the court to have found beyond a reasonable doubt that defendant was guilty of operating the vehicle while intoxicated.

The judgment is affirmed.

HOGAN, P.J., and MAUS and CROW, JJ., concur.