**STATE of Missouri,**
**Plaintiff-Respondent,**

v.

**Wayne Herbert RUARK,**
**Defendant-Appellant.**

**No. 14603.**

Missouri Court of Appeals,
Southern District,
Division Two.

Dec. 2, 1986.

James R. Spradling, Carthage, for defendant-appellant.

David C. Dally, Asst. Pros. Atty., Carthage, for plaintiff-respondent.

HOGAN, Judge.

Upon trial to the court, defendant Wayne Herbert Ruark was found guilty of driving while intoxicated as defined and denounced by § 577.010, RSMo Supp.1984. His punishment was assessed at confinement in the county jail for a period of two days. Defendant appeals, contending the evidence was not sufficient to support the judgment of conviction.

The language of Rule 27.01(b) in terms provides that the findings of the court in a bench-tried criminal case shall have the force and effect of the verdict of a jury. Therefore in determining the sufficiency of the evidence to support the finding of guilt, this court must accept as true all evidence in the record tending to prove the defendant's guilt, together with all inferences reasonably to be drawn therefrom, and disregard all contrary evidence and inferences. *State v. Giffin*, 640 S.W.2d 128, 130[1, 2] (Mo.1982); *State v. Poole*, 683 S.W.2d 326, 327[1] (Mo.App.1984).

■ Was the evidence sufficient to support a finding that the defendant was "intoxicated," within the meaning of § 577.-010, RSMo Supp.1984? Our answer must be that it was. In this connection, it is to be noted that notwithstanding the General Assembly's propensity to restate, recodify and complicate the offense of drunken driving, it has been unlawful in this State to operate a motor vehicle "while in an intoxicated condition" since 1911, Laws of Mo. 1911, § 12, p. 329, and under the present statute—§ 577.010—the State is *not* required to produce results of chemical tests to prove intoxication. Intoxication sufficient to sustain a conviction may be proved by any witness who had a reasonable opportunity to observe the alleged offender. *State v. Walker*, 588 S.W.2d 726, 727–28[3, 4][5] (Mo.App.1979); *State v. Blumer*, 546 S.W.2d 790, 791–92 (Mo.App.1977). In *Blumer*, 546 S.W.2d at 792, the court characterized "intoxication" as a "physical condition usually evidenced by unsteadiness on the feet, slurring of speech, lack of body coordination and an impairment of motor reflexes."

■ In this case, the arresting officer asked the defendant to step out of his vehicle. At this point, the officer "noticed that his gait was unsteady. Seemed a bit unsure of his balance." [The officer] "detected an odor of intoxicants about him." The officer required the defendant to perform various "field sobriety tests" designed to indicate body coordination or the lack thereof. The defendant was unable to perform any of the tests satisfactorily. In the opinion of the arresting officer, a peace officer of five years' experience, the defendant was intoxicated. A bottle of brandy was found "laying at the front of the vehicle sideways."

The record contains a good deal of explanatory evidence, all of which indicates that the defendant was disabled because he was suffering from cancer. Defendant was unable to breathe normally; he had a "stoma," described as a "hole in his throat to assist him in breathing." Defendant was unable to take a breathalyzer test and refused to take a blood test. Defendant was unable to maintain a steady gait because his chemotherapy had made his legs weak.

■ This court is not without sympathy for any criminal defendant suffering from cancer. Nevertheless, defendant admits he was driving a motor vehicle and the evidence given by the arresting officer was sufficient to establish that he was intoxicated. *State v. Farmer*, 548 S.W.2d 202, 205 (Mo.App.1977); *State v. Bruns*, 522 S.W.2d 54, 55–56[3] (Mo.App.1975); *Kansas City v. Douglas*, 483 S.W.2d 760, 761–62[3, 4] (Mo.App.1972). It is possible to be quite ill and intoxicated at the same time; contrary to counsel's implied assumption, the two conditions are not mutually exclusive. The judgment is affirmed.

PREWITT, P.J., and FLANIGAN and MAUS, JJ., concur.