**STATE of Missouri, Plaintiff-Respondent,**

v.

**Craig Steve HOPPER, Defendant-Appellant.**

No. 15052.

Missouri Court of Appeals, Southern District, Division Two.

Aug. 26, 1987.

Susan L. Hogan, Columbia, for defendant-appellant.

William L. Webster, Atty. Gen., Elizabeth A. Levin, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

AFFIRMED

MAUS, Judge.

The defendant was charged with committing the class D felony of driving while intoxicated on May 31, 1986, in violation of § 577.010.1. The information further alleged the defendant was a persistent offender within the meaning of § 577.023. In a jury waived trial, the defendant was found guilty and found to be a persistent

offender. He was sentenced to imprisonment for two years.

By his one point on appeal the defendant contends the evidence is insufficient to support his conviction. That evidence consisted of the testimony of the arresting officer, which is summarized as follows. The officer observed the pickup truck driven by the defendant weaving between traffic lanes. After he was stopped, the defendant stumbled in getting out of the pickup and had to cling to the door. The defendant directed an obscenity to the officer and was uncooperative in performing the sobriety field tests. The defendant's face was flushed, his eyes were glassy and bloodshot and his speech was slurred. The officer observed a moderate smell of alcohol on the defendant's breath. Without objection, the officer of 19 years' experience testified that the defendant was intoxicated.

The defendant bases his contention upon the fact there was no evidence of the results of a test to establish the defendant's blood alcohol level. He acknowledges that intoxication can be established in the absence of such evidence. See *State v. Ruark*, 720 S.W.2d 453 (Mo.App.1986). However, he argues that the defendant's conviction is based upon circumstantial evidence and that the evidence must be inconsistent with and exclude every reasonable hypothesis of the defendant's innocence. He cites cases such as *State v. Williams*, 652 S.W.2d 226 (Mo.App.1983). He argues that his physical condition and appearance at 11:00 p.m. could have been the result of working between 10:00 a.m. and 3:00 p.m. in dismantling and hauling away a partially burned building. The defendant's contention has no merit for two reasons. First, the officer saw the defendant driving. The officer's testimony that the defendant was intoxicated is direct evidence of his guilt and the cited rule is not applicable. *State v. Grant*, 702 S.W.2d 857 (Mo.App.1985). Cf. *State v. Cook*, 711 S.W.2d 208 (Mo.App. 1986). Second, the proffered explanation is not a *reasonable* hypothesis of the defendant's innocence. *State v. Cook*, supra. The evidence was sufficient to support the trial court's determination the defendant

was guilty. *State v. Ruark*, supra; *State v. Crawford*, 646 S.W.2d 841 (Mo.App. 1982); *State v. Palmer*, 606 S.W.2d 207 (Mo.App.1980). The judgment is affirmed.

PREWITT, P.J., and HOGAN and FLANIGAN, JJ. concur.