**STATE of Missouri, Plaintiff–Respondent,**

v.

**Kenneth J. CORUM, Defendant–Appellant.**

**No. 17545.**

Missouri Court of Appeals,
Southern District,
Division Two.

Jan. 10, 1992.

No appearance for plaintiff-respondent.

William J. Fleischaker, Roberts, Fleischaker & Williams, Joplin, for defendant-appellant.

MAUS, Judge.

Following a non-jury trial, the court found defendant Kenneth J. Corum guilty of driving while intoxicated, § 577.010. His punishment was assessed at thirty days in the Jasper County Jail. Execution of said sentence was ordered suspended. Defendant was placed on unsupervised probation. The following is a summary of the facts.

On April 28, 1989, a Joplin city police officer saw defendant driving south on Main Street at approximately 1:30 in the morning. The police officer became suspicious when he noticed defendant driving 15 miles per hour instead of the speed limit of 25 miles per hour. Defendant was driving in the lane normally used for curbside parking. Defendant pulled out into a lane of traffic, touched the lane divider and then slowly drifted back, although he did not cross the center line. Defendant then

made a right turn and came close to clipping the curb. The officer followed defendant. Defendant stopped at a stop sign and very slowly pulled into a lane of traffic. The officer activated his emergency lights. Defendant promptly pulled over. Defendant immediately got out of his car. This made the officer suspicious because he believed defendant was hiding something. The officer noticed defendant's clothing was mussed. Defendant had bloodshot eyes and smelled of intoxicants. On the police report, the smell of intoxicants on defendant was checked "faint". At trial, the officer testified the smell was strong. He explained that he probably checked the form in error. The officer asked defendant for his driver's license. Defendant pulled his wallet out and several times passed over the license while looking for it. Only after the officer identified the license did the defendant attempt several times to grasp it. The officer then asked defendant to perform field sobriety tests. Defendant refused. The officer placed defendant under arrest. The officer then searched defendant's car. He found three or four beer cans stuffed under the front seat on the passenger side. The cans were open and emptied, with a small amount of liquid left in the bottom.

Defendant was taken to jail. There defendant refused to submit to a breathalyzer test. A backup officer testified defendant had slightly slurred speech, although he did not fall or stumble. As stated, the trial court found defendant guilty. Defendant appeals.

In his only point on appeal, he states:

"The trial court erred in finding defendant guilty of driving while intoxicated ... because the state's evidence was insufficient to show that defendant was intoxicated, in that there was no evidence of any testing conducted to establish appellant's blood alcohol level, no witness rendered an opinion that defendant was intoxicated, and all of the additional evidence, at most, only established probable cause to believe defendant was intoxicated...."

In determining whether the evidence was sufficient to support a finding that defendant was guilty of operating a motor vehicle while intoxicated, "this court must accept as true all evidence in the record tending to prove the defendant's guilt, together with all inferences reasonably to be drawn therefrom, and disregard all contrary evidence and inferences." *State v. Ruark*, 720 S.W.2d 453, 454 (Mo.App.1986).

The court in *Ruark* stated:

"... the State is *not* required to produce results of chemical tests to prove intoxication. Intoxication sufficient to sustain a conviction may be proved by any witness who had a reasonable opportunity to observe the alleged offender. *State v. Walker*, 588 S.W.2d 726, 727–28[3, 4] [5] (Mo.App.1979); *State v. Blumer*, 546 S.W.2d 790, 791–92 (Mo.App.1977). In *Blumer*, 546 S.W.2d at 792, the court characterized 'intoxication' as a 'physical condition usually evidenced by unsteadiness on the feet, slurring of speech, lack of body coordination and an impairment of motor reflexes.'" *Id.* at 454. (Emphasis in original.)

In this case, the police officers observed defendant. His eyes were bloodshot, his clothes were mussed and his speech was slurred. He did not recognize his driver's license and could not grasp it without assistance. Three or four beer cans were found underneath the seat in defendant's car. Defendant had driven in a parking lane. The officer testified that the fact defendant's clothing was mussed "did not cause me to believe he was intoxicated. That's one of the many things I put together to believe he was intoxicated, which I eventually arrested him for." Additionally, as the trial court observed, § 577.041.1 provides defendant's refusal to take the breathalyzer test is admissible as evidence of his guilt. *State v. Stevens*, 757 S.W.2d 229 (Mo.App.1988). The officer's testimony concerning defendant's condition and actions, the officer's opinion defendant was intoxicated, and defendant's refusal to take the breathalyzer test, constitute an abundance of evidence sufficient to support a guilty verdict. See *State v. Ruark*, supra; *State v. Hopper*, 735 S.W.2d 429 (Mo.App.

1987); *State v. Farmer,* 548 S.W.2d 202 (Mo.App.1977). Judgment is affirmed.

FLANIGAN, C.J., and SHRUM, P.J., concur.