**STATE of Missouri,**
**Plaintiff/Respondent,**

v.

**Ronald E. WIGGINS,**
**Defendant/Appellant.**

No. 60734.

Missouri Court of Appeals,
Eastern District,
Southern Division.

Oct. 20, 1992.

Motion for Rehearing and/or Transfer to Supreme Court Denied Nov. 19, 1992.

Application to Transfer Denied
Dec. 18, 1992.

David J. Roth, II, Lowes & Drusch, Cape Girardeau, for defendant/appellant.

Bob James Gowen, Asst. Pros. Atty., Cape Girardeau County, Cape Girardeau, for plaintiff/respondent.

KAROHL, Chief Judge.

Defendant appeals a conviction of driving while intoxicated in violation of § 577.-010 RSMo 1986 and failure to drive on the right side of the road, § 304.015.2 RSMo 1986. The court imposed fines on each charge. We affirm.

At approximately 1:30 a.m., on February 14, 1992, defendant was observed driving on Highway 61, just outside Fruitland, Missouri. Within a space of less than a mile, defendant drove on the shoulder four times and crossed the center line twice. The observing officer, a county deputy sheriff for over ten years, attempted to pull over the defendant. Defendant did not stop his truck until sixty seconds after the officer

attempted to stop him. Defendant then performed multiple field sobriety tests before consenting to a breath analysis. Defendant failed all but one test.

Defendant raises three interrelated points on appeal. First, he alleges error in admitting the results of the breath test for blood alcohol level because the machine had not been tested within thirty-five days of the test in question. Second, defendant contends the prosecutor failed to prove all elements of the DWI charge. Last, defendant claims the trial court erred in excluding evidence of a limited warranty on the BAC machine which was intended to raise an inference the machine was unreliable.

In his first point on appeal, defendant correctly asserts that BAC machines must be tested every thirty-five days in order to use the results to prove intoxication. Section 577.020.3 RSMo 1986; 19 C.S.R. 20–30.031(3). In the current case, the machine was tested on January 9, 1991, and the test was administered on February 14, 1991—the thirty-sixth day after the most recent test. The trial court, therefore, failed to adhere to the C.S.R. *See Sellenriek v. Director of Revenue,* 826 S.W.2d 338 (Mo. banc 1992).

Allowing the evidence, while improper, was not necessarily prejudicial in a court tried case. The state is not required to produce results of chemical tests to prove intoxication. *State v. Corum,* 821 S.W.2d 890, 891 (Mo.App.1992). Intoxication may be proven by any witness who had reasonable opportunity to observe the alleged offender. *Id.* Additionally, evidence is cumulative when a disputed fact is fully and properly proven by other testimony. *State v. Ralls,* 583 S.W.2d 289, 291 (Mo.App.1979). Evidence of the BAC machine test result is cumulative to other evidence which was sufficient to support a finding defendant committed the offense charged.

The evidence of erratic driving has been noted. As the officer approached defendant's truck he noticed defendant was staring straight ahead. The officer had to knock on the truck window to get defendant's attention. Defendant had also con-

siderable difficulty locating and producing a driver's license. While talking to defendant, the officer noticed a strong odor of alcohol and slurred speech. When the officer asked defendant how much he had to drink, defendant replied "too much." After the sergeant expressed his opinion of intoxication, defendant responded, "Yeah, I know I am."

Defendant agreed to perform several field sobriety tests including a finger-to-nose test, standing on one foot and holding the other six inches off the ground while counting, heel-to-toe and walk-and-turn tests, two counting tests and the alphabet test. Defendant found his nose but could not perform the other tests. Collectively, this evidence, beginning with the driving and ending with admissions, was sufficient to support the conviction.

Defendant's second point is similar to the first. He argues the prosecution did not prove each element of a DWI without the BAC test results. The state proved erratic driving and intoxication through strong smell of alcohol, impaired functions, an opinion of intoxication and admitted intoxication. Point denied.

In his last point, defendant argues the trial court erred in excluding evidence the BAC verifier malfunctioned two months prior to defendant's test and in excluding evidence of the verifier's limited [expired] warranty. Because we have decided the breath test was improperly admitted, this argument is moot.

Judgment affirmed.

CRIST and AHRENS, JJ., concur.