STATE of Missouri, Respondent,

v.

Vincent W. McCARTY, Appellant.

No. 19020.

Missouri Court of Appeals,
Southern District,
Division One.

May 6, 1994.

Mark E. White, Joplin, for appellant.

Sarah L. Luce, Asst. Pros. Atty., Newton County, Neosho, for respondent.

MONTGOMERY, Judge.

In this nonjury case, Vincent McCarty (Defendant) appeals from his conviction of the class B misdemeanor of driving while intoxicated. § 577.010, RSMo 1986. In Defendant's single point relied on, he alleges that the evidence was insufficient to support the judgment. We affirm.

In a jury-waived case, the trial court's findings have the force and effect of a jury verdict. Rule 27.01(b). Therefore, we review this case as though a jury had returned a verdict of guilty. *State v. Giffin,* 640 S.W.2d 128, 130 (Mo.1982). Review of a challenge to the sufficiency of the evidence is done in the light most favorable to the State, giving the State the benefit of all reasonable inferences and disregarding all contrary evidence and unfavorable inferences. *State v. Williams,* 847 S.W.2d 111, 113 (Mo.App. 1992). We determine only whether there was sufficient evidence from which the trial court could have reasonably found Defendant guilty. *State v. Harris,* 774 S.W.2d 487, 491 (Mo.App.1989).

Viewed in this light, the evidence shows that Deputy Sheriff Smith, responding to a

radio request, attempted to block an intersection in Joplin, Missouri. While doing so, he observed Defendant's vehicle approaching the intersection at a rate of 20 to 30 miles per hour more than the posted speed limit. When Defendant failed to obey the stop sign at the intersection, Deputy Smith joined other officers in pursuit of the offender. The ensuing 30–minute chase ended with Defendant's arrest. During the pursuit, Deputy Smith observed Defendant drive at high rates of speed, execute excessively wide turns and cross the centerline several times. When safe, Deputy Smith made various attempts to pass and apprehend Defendant. However, Defendant thwarted his efforts by driving across the centerline. During one such attempt, Deputy Smith saw Defendant drink from a beer can and then throw it at the deputy's vehicle.

After finally stopping Defendant, Deputy Smith observed that Defendant had bloodshot eyes, slurred speech, an odor of intoxicants on his breath along with difficulty walking and balancing after being handcuffed. No field sobriety tests were administered because Defendant became combative and refused to follow instructions.

Officer Branum arrived at the scene after Defendant's apprehension and escorted him to the sheriff's office. Based on Defendant's watery and bloodshot eyes, an odor of alcohol about him, and his use of profanity, Officer Branum testified that he believed Defendant was intoxicated. Defendant refused to take a breathalyzer test after Officer Branum read an implied consent form to him.

█ A person commits the crime of driving while intoxicated if he operates a motor vehicle while in an intoxicated or drugged condition. § 577.010.1. The State is not required to produce results of a chemical test to prove intoxication. *State v. Wiggins,* 841 S.W.2d 752, 753 (Mo.App.1992). Intoxication sufficient to sustain a conviction may be proved by any witness who had a reasonable opportunity to observe the alleged offender. *State v. Corum,* 821 S.W.2d 890, 891 (Mo.App.1992).

█ As characterized in *State v. Ruark,* 720 S.W.2d 453 (Mo.App.1986), intoxication is a " 'physical condition usually evidenced by unsteadiness on the feet, slurring of speech, lack of body coordination and an impairment of motor reflexes.' " *Id.* at 454 (quoting *State v. Blumer,* 546 S.W.2d 790, 792 (Mo. App.1977)). Defendant maintains that the State's witnesses had no reasonable opportunity to observe him for such symptoms of intoxication and that no witness gave an opinion that Defendant was intoxicated. Defendant's contention simply ignores the evidence.

█ Here, the arresting officer testified that Defendant drove at high rates of speed, crossed the centerline several times, failed to heed a stop sign, had slurred speech and bloodshot eyes, was unsteady on his feet and smelled of intoxicants. In *State v. Spain,* 759 S.W.2d 871, 875 (Mo.App.1988), with facts almost identical to those here, the court said such evidence was more than sufficient to support a finding of intoxication. Additionally, Defendant's refusal to submit to a breath analysis was admissible as evidence of his guilt. *Williams,* 847 S.W.2d at 113; *see* § 577.041.1, RSMo Cum.Supp.1993.

Furthermore, Officer Branum testified that he believed Defendant was intoxicated due to his watery and bloodshot eyes, his profanity and the odor of intoxicants on his person. If opinion testimony is necessary to convict for driving while intoxicated (which we do not decide), Officer Branum supplied it.

The evidence was sufficient to support the trial court's determination that Defendant was guilty. The judgment is affirmed.

PARRISH, C.J., and SHRUM, J., concur.