STATE of Missouri, Respondent/Cross–Appellant,

v.

Robert J. DELEAL, Appellant/Cross–Respondent.

Nos. 66688, 66698.

Missouri Court of Appeals, Eastern District, Division One.

Oct. 31, 1995.

Motion for Rehearing and/or Transfer to Supreme Court Denied Dec. 11, 1995.

---

**3.** Defendant's motion to strike plaintiff's supplemental legal file is granted for failure to comply with 81.12(b) and (e).

William J. O'Herin, Florissant, for appellant Deleal.

Matthew E.P. Thornhill, Asst. Pros. Atty., St. Charles County, St. Charles, for respondent State.

KAROHL, Judge.

State of Missouri appeals from a judgment acquitting Robert Deleal of two counts of driving while revoked. It argues the court erred in determining, as a matter of law, Deleal could not be convicted of driving while revoked where there was no evidence that he ever was a licensed driver. The court sustained Deleal's motions for judgment of acquittal filed after guilty verdicts. Deleal appeals conviction for driving while intoxicated. He filed his appeal on the same day the state filed its appeal. He argues the court erred in its refusal to grant a mistrial based on introduction of evidence that he refused to take a breathalyzer test and speculating on the result if he had taken the test. He further argues the court erred in allowing argument on his failure to take the test. The state's appeal is not authorized. It is dismissed. We affirm the DWI conviction.

On April 25, 1992, the St. Charles Police Department issued a summons to Deleal for driving with a revoked license. On June 3, 1992, Officer Kleinschmidt responded to a report of a man sleeping in a car at the Vickers station on North Fifth Street. After waking the man, Kleinschmidt observed an odor of alcohol on Deleal's breath, and Deleal said he had been drinking. Officer Kleinschmidt drove him to a relative's home. Later, while on patrol, he noticed Deleal walking in the direction of the Vickers station, the location of his automobile. He observed Deleal get in his car and drive away. He made a traffic stop; searched the car, found marijuana, and transported Deleal to the police station. There he gave Deleal three field sobriety tests, and noted impairment. He arrested Deleal, and read him his Miranda rights. Twice, Deleal refused to take the breathalyzer test.

At trial, Deleal was charged with four counts: Count One, driving while intoxicated on June 3, 1992, in violation of § 577.010 RSMo 1986; Counts Two and Three, driving while license revoked on April 25 and June 3, 1992, in violation of § 302.321, RSMo 1986; and, Count Four, failure to have a valid inspection sticker, in violation of § 307.350 RSMo Cum.Supp.1992. Count Four was dismissed at the close of state's evidence. The court granted Deleal's Motion for Judgment of Acquittal After Discharge of Jury on Counts Two and Three for failure to prove an element of the driving while revoked charges or because the state's evidence disproved an element of these crimes, revocation of a driver's license.[1] It sentenced Deleal to serve 12 months in jail on the DWI conviction.

The state argued its right to appeal is based on Rule 30.01, Missouri Rules of Criminal Procedure and § 512.180.2 RSMo 1994. Rule 30.01 in pertinent part, provides: "After the rendition of final judgment in a criminal case, every party shall be entitled to any appeal permitted by law." The state contends its appeal is permitted by § 512.180.2 RSMo 1994. This section provides in pertinent part: "In all other contested civil cases tried with or without a jury ... or in any misdemeanor case ... a record shall be kept, and any person aggrieved by a judgment rendered in any such case may have an appeal upon that record to the appropriate appellate court." That section does not authorize the state to appeal in a criminal case. It directs a defendant, as an aggrieved per-

---

1. The state has not provided a copy of Instructions 7 and 8, the verdict directors for Counts II and III. We assume the court submitted MAI–CR3d 332.48.

son to go directly to the Court of Appeals. It does not authorize the "state" or any "party" to appeal; it defines the court for review. The state's appeal is dismissed.[2]

■ Deleal raises two points on appeal. In his first point, he argues the trial court erred by refusing to grant a mistrial when the state offered testimony of the likely result of a breathalyzer test which he refused to take.

■ Declaration of a mistrial is a drastic remedy, to be granted only in extraordinary circumstances. *State v. Parker,* 886 S.W.2d 908, 922 (Mo. banc 1994); *State v. Feltrop,* 803 S.W.2d 1, 9 (Mo. banc 1991). Because the trial court observes the testimony and its impact, appellate review is only for abuse of discretion. *Parker,* 886 S.W.2d at 922. Instructing the jury to disregard statements which should not have been offered may suffice as an adequate remedy. *Id.*

The factual setting for this claim of error occurred when the prosecutor offered the testimony of Officer McWilliams. He testified that he seated Deleal in front of the breathalyzer, but Deleal did not blow. McWilliams further testified he told Kleinschmidt that Deleal probably would have scored fairly high with regard to blood alcohol content. Deleal objected. The court sustained his objection and instructed the jury to disregard McWilliam's statement concerning any estimate of a breathalyzer reading. Therefore, the trial court's instruction to the jury to disregard Officer McWilliams' opinion of a likely adverse result of a breathalyzer test sufficed as an adequate remedy. Thus, the trial court did not abuse its discretion by denying Deleal's motion for a mistrial.

■ In his second point, Deleal argues the trial court erred in allowing the prosecutor to argue he had only to take the breathalyzer test to prove his innocence because the prosecutor's argument improperly reversed the burden of proof. Deleal concedes his refusal to submit to the breathalyzer test is admissible under § 577.041.1 RSMo 1986. However, he contends the state's argument regarding his refusal unfairly shifted the burden to him.

Deleal relies on *State v. Cox,* 836 S.W.2d 43 (Mo.App.S.D.1992) to support his argument. However, in *Cox,* defendant was charged with involuntary manslaughter, in violation of § 565.024 RSMo 1986. The court concluded:

[T]he General Assembly in its 1987 revision of § 577.041.1, intended, by the express mention of §§ 577.010 and 577.012, that 577.041.1 apply only to proceedings brought under those two sections and to no others.... Upon examination of the plain language of § 577.041.1, RSMo 1987, ... we conclude the statute does not authorize evidence of refusal in any collateral criminal proceeding except one brought under § 577.010 or § 577.012.

*Id.* at 47–48. The *Cox* opinion has no precedential support for exclusion of evidence of refusal in a driving while intoxicated case.

Rather, this issue was decided by this court in *State v. Stevens,* 757 S.W.2d 229, 233 (Mo.App.1988), where the court found: "Defendant objected to the prosecution argument that his refusal to take a breathalyzer test was evidence of his guilt.... There was no error in allowing the prosecution to argue the fact that the defendant's refusal to submit to the breathalyzer test was indicative of guilt." The same result was reached by the Southern District in *State v. McCarty,* 875 S.W.2d 622, 623 (Mo.App.S.D.1994), and the Western District in *State v. Williams,* 847 S.W.2d 111, 113 (Mo.App.W.D.1992). The trial court did not err in allowing the prosecutor's argument.

We affirm the DWI conviction. We dismiss the state's appeal as it is not authorized.

REINHARD, P.J., and WHITE, J., concur.

---

2. We do not reach the state's claim of error on the merits. However, the State's point on appeal was never presented to the trial court and is contrary to the State's theory at trial and the issues submitted by the verdict directing instruction submitted in accord with MAI–CR3d 332.48.