**STATE of Missouri, Plaintiff–
Respondent,**

v.

**Robert Glenn SHELBURN,
Defendant–Appellant.**

**No. 21410.**

Missouri Court of Appeals,
Southern District,
Division One.

Dec. 16, 1997.

Irene Karns, Asst. Public Defender, Columbia, for Defendant–Appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Cristi A. Ingalsbe, Asst. Atty. Gen., for Plaintiff–Respondent.

PREWITT, Judge.

■ Following jury trial, Defendant was convicted of driving while intoxicated and sentenced to three years in the Missouri Department of Corrections. Defendant appeals, presenting one point relied on. It asserts that the trial court erred in allowing a police sergeant to testify that Defendant refused to take a breathalyzer test a second time. Defendant contends "that any probative value of Shelburn's second refusal was outweighed by its prejudicial effect."

Following Defendant's arrest, he was taken to the police station. When asked if he would take a breathalyzer test, he refused. Twenty minutes later the police officer asked him again to take the test, and he again refused. Defendant does not dispute and appears to agree that under Section 577.041.1, RSMo 1994 (since amended, see RSMo Supp.1996), the initial refusal was admissible. Refusing to submit to a breathalyzer test is admissible as evidence of guilt in a proceeding charging driving while intoxicat-

ed. *State v. McCarty,* 875 S.W.2d 622, 623 (Mo.App.1994); *State v. Williams,* 847 S.W.2d 111, 113 (Mo.App.1992).

■ Section 577.041.1 makes "evidence of the refusal ... admissible" in this proceeding. It does not limit evidence of the refusal to the initial request. In *State v. Deleal,* 911 S.W.2d 639, 641 (Mo.App.1995), there was evidence of two refusals to take a breathalyzer, and the court found no error in the prosecutor's argument following the evidence. However, there was no specific contention by defendant relating to the second refusal, as there is here. Nevertheless, we conclude that the statute does not limit the evidence of the refusal to one denial and if one denial is evidence of guilt, then a second one also would be. We also conclude that a second denial is not so prejudicial that its introduction should be prohibited because of its prejudicial effect. Here, there was abundant evidence of Defendant's guilt and refusing the test the second time probably added little to the jurors' consideration of the result.

The judgment is affirmed.

GARRISON, P.J., and CROW, J., concur.