STATE of Missouri, Respondent,

v.

Doyle VANOSDOL, Appellant.

No. WD 55365.

Missouri Court of Appeals,
Western District.

Aug. 18, 1998.

David L. Simpson, Asst. Public Defender, Columbia, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Kenneth P. Ferguson, Asst. Atty. Gen., Jefferson City, for respondent.

Before RIEDERER, P.J., and LOWENSTEIN and LAURA DENVIR STITH, JJ.

LAURA DENVIR STITH, Judge.

Mr. Vanosdol appeals his conviction of driving while intoxicated, alleging that there was insufficient evidence of intoxication to support the verdict. Finding that the evidence was sufficient to support the verdict, we affirm.

At approximately 8:15 p.m. on May 13, 1995, Officer Douglas Shoemaker saw Mr. Vanosdol and his girlfriend speeding in Mr. Vanosdol's truck at 54 mph in a 40 mph zone. He followed the truck and saw it weave without signaling and turn without signaling. After the turn, the truck again sped up to 52 mph. At that point, the officer stopped the truck. He smelled a strong odor of alcohol on Mr. Vanosdol when he approached the car. When he asked Mr. Vanosdol for his driver's license, the latter moved very slowly and took a long time to get out the license. He said he did not have proof of insurance. The officer noted that Mr. Vanosdol's eyes were very dilated, bloodshot, glassy, very watery and staring.

Mr. Vanosdol admitted to the officer that he had "about four" drinks; on another occasion he said he had drunk "a couple" of drinks. The officer asked Mr. Vanosdol to get out of his truck. As Mr. Vanosdol did so he swayed a bit, and his speech was very slurred. Mr. Vanosdol agreed to take the horizontal gaze nystagmus test, but the first five times the officer tried to give it to him, Mr. Vanosdol just stared at the officer. When he finally tried to take the test, his eyes were very erratic and jumpy on all six points. The officer said he had never seen anyone who scored on the test in that manner who was not intoxicated. Mr. Vanosdol refused to take any other field sobriety tests.

The officer arrested him for driving while intoxicated. At trial, he testified as follows:

Q. Okay. Based on your training and experience, did you make a determination as to whether the Defendant's ability to drive was impaired due to intoxication?

A. Yes, sir.

Q. What was that determination?

A. I felt that he was, indeed, impaired and that we would conduct further testing at a later time.

Once arrested, Mr. Vanosdol became extremely belligerent. He had to be asked twice to put his hands behind his back. He yelled to his girlfriend "They got me again! Motherf_____ got me again!" He was pulled to the police car and put in it yelling and cursing, and continued yelling and kicking the car once he was inside it. He continued to yell on the way to the station and at the station, so much so that he could not be processed until the next shift began. While at the station, he refused to answer questions and told the officer "I'll fix you."

Mr. Vanosdol was charged with driving while intoxicated. At the trial, the state presented the above evidence. Defendant presented the testimony of his girlfriend, who said that defendant was a champion pool player and had been attempting to qualify for the state pool championship earlier that day. During the five hours of the competition he had four beers. He had a fifth beer after the competition. The lounge where the competition was held was smokey. She said the officer said at the time that he could tell that Mr. Vanosdol was drunk by the fact he was so slow in pulling out his license.

The jury found defendant guilty of driving while intoxicated. Imposition of sentence was suspended and he was given three years

probation. He violated probation and the court imposed a three-year sentence on January 7, 1998.

In his sole point on appeal, Mr. Vanosdol states:

The trial court erred in denying Doyle's motion for acquittal in violation of his rights to due process and a fair trial under the Fifth, Sixth, and Fourteenth Amendments to the Federal Constitution and Article I, Sections 10 and 18(a) of the Missouri Constitution because the evidence was insufficient to prove that he was intoxicated in that the facts that the truck he was driving was speeding and weaving, that his eyes were dilated, blood shot, glassy, staring, very watery, and jumping, that he was moving slowly while finding his driver's license, that his speech was very slurred and his breath smelled like alcohol, that he admitted drinking five beers in six hours, that he swayed a bit when he walked, and that he was uncooperative with a police officer do not prove beyond a reasonable doubt that Doyle was intoxicated.

In the argument section of the brief, Mr. Vanosdol admits that many, many cases have affirmed convictions for driving while intoxicated based on similar, or even lesser, evidence.[1] He argues that this case is different, however, because here the officer did not testify that he thought Mr. Vanosdol was intoxicated, and such testimony is essential to a conviction. Mr. Vanosdol cites no authority supporting his argument, and we find it lacks merit for two reasons.

First, the record reflects that Officer Shoemaker did offer an opinion of intoxication. When asked whether, based on his training and experience, he had made a determination whether defendant's ability to drive was impaired due to intoxication, he specifically stated "I felt that he was, indeed, impaired and that we would conduct further testing at a later time." Contrary to defendant's con-

tention, this appears to us to be an opinion of intoxication on the part of Officer Shoemaker. Thus, as stated by the Southern District of this Court in *State v. McCarty,* 875 S.W.2d 622, 623 (Mo.App.1994), even if "opinion testimony is necessary to convict for driving while intoxicated ... [the] Officer ... supplied it. " *Id.*

■ Even more basically, however, we do not agree that opinion testimony from the officer was required. Rather, as the State notes, prior Missouri cases hold precisely to the contrary. This very issue was presented in *State v. Fisher,* 504 S.W.2d 281, 283 (Mo. App.1973). The defendant in that case said there was insufficient evidence of intoxication where the officer failed to offer an opinion that defendant was intoxicated. The court rejected this argument. It noted that the evidence showed that the defendant had a strong odor of intoxication about him, that his eyes were watery and bloodshot, there was a partially consumed bottle of whiskey in the car, his car went out of control without apparent reason, and he stumbled when walking. The court stated that a lay witness can offer an opinion of intoxication if the witness has had an adequate opportunity to observe the defendant, and that the above evidence would have provided an adequate basis for a lay person to offer such an opinion. The court held that there therefore was no reason why a jury, composed of lay persons, could not similarly reach its own conclusions on intoxication based on such evidence. *Id.* at 284. This ruling was followed in *State v. Spain,* 759 S.W.2d 871, 875 (Mo. App.1988).

■ Here, as in *Fisher* and *Spain,* the record clearly supplied an adequate basis for the jury to make a determination whether Mr. Vanosdol was intoxicated. It showed that he smelled strongly of alcohol, that he moved very slowly and took a long time to get out his license, that his eyes were very dilated, bloodshot, glassy, very watery and

1. . *See, e.g., State v. McCarty,* 875 S.W.2d 622 (Mo.App. S.D.1994); *State v. West,* 825 S.W.2d 402 (Mo.App. S.D.1992); *State v. McHaffie,* 762 S.W.2d 875 (Mo.App. S.D.1989); *State v. Spain,* 759 S.W.2d 871 (Mo.App. E.D.1988); *State v. Hopper,* 735 S.W.2d 429 (Mo.App. S.D.1987); *State v. Ruark,* 720 S.W.2d 453 (Mo.App. S.D. 1986); *State v. O'Toole,* 673 S.W.2d 25 (Mo. banc 1984); *State v. Palmer,* 606 S.W.2d 207 (Mo.App. E.D.1980); *City of Trenton v. Lawrence,* 548 S.W.2d 278 (Mo.App. W.D.1977).

staring, that he swayed when he walked and slurred his speech, that he failed to understand how to take the horizontal gaze nystagmus test, and when he finally took it he failed it, and that he refused to take other tests and became belligerent. He also admitted to drinking four beers, and his own witness said he had drunk five beers in six hours.

This evidence was fully adequate to support the jury's determination that Mr. Vanosdol was guilty of driving while intoxicated. For these reasons, the judgment is affirmed.

RIEDERER, P.J. and LOWENSTEIN, J., concur.